[No. 428.    August 24, 1892.]

# NEW MEXICAN RAILROAD COMPANY, Plaintiff in Error, v. GEORGE B. HENDRICKS et al., Defendants in Error.

Damages, Railroad Company—Construction of Road on Street—Abutting Property.—The owner of property abutting on a street or highway, which has been diverted from its original purpose, by the construction of a railroad along the street or highway, is not deprived of the right to compensation, where such diversion entails a hardship upon such owner not common to the general public.

Id.—Appraisement—Section 2667, Compiled Laws.—Such occupation of a street or highway is not such a taking as would authorize a proceeding under section 2667, Compiled Laws, providing the mode of ascertaining the damages inflicted by the taking of "land, water, timber," etc., by a railroad.

Id.—Assessment of—Evidence—Rule.—In determining the damages, in such case, under the issue as to the value of the abutting property, it was error to permit the witnesses to state their opinion as to the amount of damages inflicted on plaintiff by the construction of the road. The rule of damages in such cases is the value of the property immediately before and after the construction of the road, and the examination of the witnesses should be confined to such facts and circumstances as go to determine the value of the property, and the nature of the injury, from which the jury may draw its own conclusions.

Id.—Admission of Incompetent Evidence, Harmless Error, When.—In an action for damages, in such case, when it appears from the facts presented to the jury that the verdict is fully sustained by competent evidence, and that the amount of the verdict could not be reduced on a new trial, the erroneous admission of incompetent testimony, placing the damages at an amount largely in excess of that found by the jury, is no cause for reversal, where the defendant has not been prejudiced thereby, and it appears that, upon the whole case, substantial justice has been done.

Error, from a judgment in favor of plaintiffs, to the Fourth Judicial District Court, San Miguel County. Judgment affirmed; O'Brien, C. J., and Seeds, J., dissenting, on the ground it did not appear the verdict could not be reduced on a new trial.

The facts are stated in the opinion of the court.

FRANK SPRINGER for plaintiff in error.

A. A. JONES for defendant in error.

FREEMAN, J.—Error to district court, San Miguel county. This was an action brought by defendants in error to recover of plaintiff in error damages inflicted by the latter upon the former in the construction of a railroad upon a street or highway upon which the residence of the defendants in error was situated. There was a verdict and judgment for the defendants in error. The right of the defendants in error to recover is resisted in part on the ground that, as the company were authorized by statute (Comp. Laws, sec. 2665, subsec. 5) to construct their line of road along any "street, avenue, or highway," no right of action accrued to defendants in error, unless it could be shown that the plaintiff in error had abused the right thus conferred by building or operating its road in such a careless and negligent manner as to inflict upon the owner of abutting property unnecessary damage. It DAMAGES: con- seems to us, however, to be well settled struction of rail- that the most the state can do is to surren-road on street; der its own right to the public street or abutting prop- erty. highway; and that it can not impair or surrender the property represented by the easement of private owners of abutting property in the right of way to and from their homes. While the public, as such, may consent that a highway may be diverted from its original purpose, yet if such diversion entails a hardship upon the owner of abutting property which is not common to the general public, such owner is entitled to compensation. Lahr v. Railway Co., 104 N. Y. 268, cited in 30 Am. & Eng. R. R. Cases, 415; Drucker v. Manhattan R'y Co., 12 N. E. Rep. (N Y. App.) 570.

It is further insisted by the plaintiff in error that
if the defendants in error had any right of action it
was statutory and exclusive in its character; that they
should have proceeded under section 2667 of the Com-
piled Laws to procure an appraisement of the property
taken.   We can not assent to this contention.   The
statute in question provides in detail the

APPRAISEMENT:
section 2667,
Compiled Laws.

mode of ascertaining the damages inflicted
by the taking of "land, water, timber,
stone, gravel, or other material."   An easement in the
public highway was not in the contemplation of the
legislature in the enactment of this section.   The
propriety of this construction becomes apparent
when we come to consider that section 2665, which
provides for the occupation of streams, streets, etc.,
and section 2667, which provides the mode of ad-
justing the amount of compensation for the use of
land, water, timber, etc., taken from the "owner or
claimant thereof," are parts of the same legislation;
the former being chapter 6, section 2, and the latter
chapter 7, section 1, of the act approved February 2,
1878.   The former concession is burdened alone with
the duty on the part of the company to restore such
"stream, *. * * street," etc., * * * "to the
former state, as near as may be, so as not unneces-
sarily to impair their use or injure their franchise,"
while in the latter the company is required to compen-
sate "the owner or claimant."   The occupation of a
street or highway is not, therefore, such a taking as
authorizes a proceeding under the statute.

We are of the opinion, however, that there was
error in the admission of testimony that went to fix
the amount of damages.   The witnesses were permitted
to state what in their opinion constituted

ASSESSMENT of
damages: evi-
dence: rule.

the amount of damages inflicted upon the
defendants in error.  The rule of damages
in such cases is the value of the property immediately

before and after the construction of the road., It is true that the same witness may testify as to both the prior and succeeding valuation, and thus, in effect, give his opinion as to the extent of the damage. Nevertheless it is a safer and sounder rule to confine the examination of the witness to the facts and circumstances which go to make up the value of the property, and the character of the injury, from which the jury may draw its own inference. Common experience demonstrates the case with which a willing witness may give his estimate of the extent of supposed damages, and the difficulty he may encounter when called upon to give facts upon which he predicates his opinion. Railroad Co. v. Campbell, 4 Ohio St. 595; Railway Co. v. Ball, 5 Ohio St. 573, cited in Railway Co. v. Gardner, 5 Ohio, cited in 30 Am. & Eng. R. R. Cases, 416.

It was competent for the defendants in error to show that immediately before the construction of the road their property was worth a given amount, and that immediately after such construction it was worth only a given amount, being less than the former value; and then to show such substantial injury to that property, by the building and operation of the road, as would warrant the jury in concluding that the reduction in valuation and consequent damage was the natural result of the construction of the road, and that it was not such a damage as was shared in by the public at large. ⌐Such acts of substantial injury as will support a recovery may consist in throwing up of an embankment which shuts off the owner of the damaged property from the highway, the casting of cinders and ashes upon the house, or the injection of smoke and noxious vapors into the dwelling, the jarring of the walls or foundations so as to impair the stability of the improvements, etc.⌐ The defendant would be entitled to meet the case thus made by the plaintiffs by showing that the premises were worth less before, and more after,

the building of the road than the amount claimed by the plaintiffs, or that causes other than the damage inflicted by the building of the road had intervened to depreciate the value of the property. Evidence to satisfy a jury on questions of this character should be gathered from facts and circumstances existing within the knowledge of the witness called to testify. It sheds no light upon the issue, therefore, to allow a witness to state that in his opinion the premises of the defendant were damaged to a given extent by the construction of the road. On the contrary, such testimony is calculated to mislead the jury.

Having determined that incompetent evidence was allow to go to the jury, we are next to inquire as to whether this was such an error as makes it necessary for this court to reverse and remand the cause. That the error was what is ordinarily denominated a "reversible error" is, we think, clear. That <span style="font-variant: small-caps;">Admission of incompetent evidence, harmless error, when.</span> is to say, it is such an error of law as would warrant this court in reversing the judgment and remanding the cause. And it may be safely affirmed as a general proposition that where incompetent evidence of a character calculated to influence their minds has been allowed to go to the jury, and a verdict has been returned in favor of the party in whose interest the incompetent evidence was admitted, it is the better and safer practice to reverse the judgment and remand the cause. In view, however, of section 2190 of the Compiled Laws, and of the fourth section of the act of January 5, 1889, we think we are authorized to look to the record for the purpose of determining whether, upon the consideration of the whole case, substantial justice has been done. We do not mean to hold that the statutes in question were intended to confer on this court the functions of a jury. This is not a court of original jurisdiction, and is clothed with no power to ascertain the facts in any

case, except as provided by the rules of the common law, as modified by these statutes. At the common law, but two methods were known by which a question of fact determined by a jury could be reexamined: First, by new trial awarded by the trial judge; or, second, by the award of a venire facias de novo, by the appellate court, for some error of law which had intervened. 18 Wall. 249. In this cause we have already seen that an error of law did intervene in the admission of incompetent evidence, but, under the authority conferred on us by statutes already referred to, we have been able to examine the whole record, and have thus satisfied ourselves that the errors complained of did not prejudice the plaintiff in error.

We examined the record, so far as it discloses the rulings of the court, for the purpose of ascertaining if any error of law has intervened; for, while this court is authorized and required to examine the entire record, it is not required to sit as a jury to determine the weight of the evidence. When, therefore, it appears that incompetent evidence has gone to the jury, it becomes the duty of this court to examine the whole record, including, of course, all of the evidence, for the purpose of ascertaining whether, notwithstanding the admission of improper evidence, it does not appear that the verdict of the jury is supported by competent evidence or that in their findings the jury have discarded such incompetent evidence, and have based their findings exclusively on evidence properly received. When, therefore, we examine the facts as presented to the jury, and find that the verdict is amply supported by competent evidence, and that in amount or in character such verdict clearly indicates that it was based on the competent rather than incompetent testimony, and that upon the whole case substantial justice has been done, we think it is our duty to affirm the judgment. Hill, New Trials, 147, and cases cited.

Applying this doctrine to the case before us, the record shows that of the four witnesses who were improperly allowed to state what, in their opinion, was a fair estimate of the amount of damages, not one of them placed it at less than $1,000, one of them placing it at $2,000, and another at $2,500. It clearly appears that defendants in error were damaged by the construction of the road, and were entitled to recover in this action. The jury allowed them $450, and it is impossible for us to see, in view of our construction of the law, how this amount could be materially reduced on rehearing. We think that, excluding all the immaterial and incompetent evidence, there still remains sufficient in the record to support this verdict, and that no substantial good could result by reversing the cause, and remanding it for new trial. We are therefore of the opinion that the judgment should be affirmed, and it is so ordered.

Lee and McFie, JJ., concur.

O'Brien, C. J.—I dissent as to the disposition to be made of the case, while assenting to the result reached in every other respect. The case should be remanded for new trial in the court below, as I do not think that it satisfactorily appears from the record that a second jury, on competent evidence, would find the present verdict.

Seeds, J.—I concur with the chief justice, in that this case ought to be sent back for another trial, as there are errors in the admission of certain evidence which might have influenced the size of the verdict. The plaintiff in error is entitled to a trial in which such evidence is not before the jury.