Dozier et al., Appellees, *v.* Keller et al., Appellants.

(No. 2133—Decided January 27, 1944.)

*Mr. F. W. Andrews,* for appellees.

*Messrs. Blumenstiel, Strong & Blumenstiel,* for appellants.

Montgomery, P. J.   The verdict of the jury in this case was not manifestly against the weight of the evidence.   The evidence to sustain it was clear and convincing.

Of course, a fraudulent representation must be of an existing fact in order to justify an action in tort for damages sustained by reason of an acting upon such representation.

However, the mental attitude and the then intent of the one who makes the representation are existing facts and the only difficulty is one of proof.   See *American Hosiery Co.* v. *Baker,* 18 C. C., 604, 10 C. D., 219; 19 Ohio Jurisprudence, 359, Section 53; 26 Corpus Juris, 1093, Section 26.

In the instant case the conclusion is inescapable that defendant Keller, acting for himself and as authorized agent of the other defendants, did solicit and accept the check for $535—the only asset of the plaintiffs—under the expressed representation that he would hold

it until it should be learned whether the remainder of the $4,000 could be raised by the plaintiffs to purchase the real estate in question, and, if such remainder could not be realized, the check would be returned to them.

The further conclusion is likewise inescapable that the plaintiffs relied upon this representation, parted with possession of the check, and were damaged to the extent of its value.

Here there is proof of existing facts, to wit, the mental attitude and the intent of Keller not to keep his agreement, and the falsity of his promise. He did not hold the check until it could be learned whether the needed balance could be raised and of course he did not and could not thereafter return it. He cashed the check early—the first banking day after its receipt.

The defendants do not complain of the charge of the court. In argument their counsel expressed approval of it. They complain, in fact, only that the judgment of the lower court is against the weight of the evidence and against the law. We can not and do not so find.

The judgment is affirmed.

*Judgment affirmed.*

Sherick and Putnam, JJ., concur.