425 P.2d 743

**Franklyn D. SAYNER and Frank Sayner, Plaintiffs-Appellants,**

**v.**

**B. J. SHOLER, Administrator of the Estate of Hubert S. Cross, Deceased, Defendant-Appellee.**

**No. 8178.**

Supreme Court of New Mexico.

March 27, 1967.

---

Arturo G. Ortega, Willard F. Kitts, William E. Snead, Albuquerque, for appellants.

Toulouse, Ruud, Gallagher & Walters, J. E. Casados, Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

The jury returned a verdict in favor of the defendant in this personal-injury action and, following the entry of judgment, plaintiffs appeal.

The sole issue is the claimed error of the trial court in allowing a witness to testify to a conversation had with defendant's decedent some twenty-four hours after the accident. Appellee claims the error, if any, was waived.

A collision occurred between a station wagon driven by defendant's decedent and a motor bike operated by the plaintiff, Franklyn Sayner. As is usual in such cases, the testimony was in considerable conflict. As a part of the case on behalf of the defendant, a police officer was called to testify, and was asked to relate what Mr. Cross (the decedent) had told him at the accident scene. Objection, apparently for lack of foundation, was made and the question was withdrawn before the court ruled. Somewhat later in the continuing examination of the officer, he was again asked if he had had occasion to discuss the case with Mr. Cross. When the officer said that he had, he was then asked, "Tell us what he told you on the *second* time that you talked to him." (Emphasis added.) Objection was made on the ground "it would be rank hearsay." The court then asked if the conversation occurred in the course of the officer's investigation and the officer said that it did and that he talked to Mr. Cross both at the scene and at his home the following day. The court then allowed him to answer, overruling the objection. Before his answer, however, counsel for the plaintiffs stated the following: "If he talked to Mr. Cross and if Your Honor is going to permit this, then the first part, which was different, also should be admitted." The court said, "Surely, both conversations." Thereupon counsel for the defendant instructed the witness to relate both conversations, which he proceeded to do. No subsequent objection was made by counsel for the plain-

tiffs and, in the course of the cross-examination of the officer, the circumstances and the details of both conversations were again repeated without change.

It is argued that the court committed reversible error in allowing the witness to testify to something which obviously was not a part of the res gestae. The defendant does not seriously argue that the testimony was other than hearsay, but does contend that the error was waived by requesting the introduction of both statements by the decedent and by subsequently eliciting substantially the same information on cross-examination. The gist of the defendant's argument is that the plaintiffs wanted both statements to be submitted to the jury so that it could be pointed out that there was a considerable variance in the two stories told by the decedent. The defendant claims, in effect, that plaintiffs impliedly agreed to the introduction of the testimony so that they could argue the conflicts at trial, but now inconsistently claim that the evidence was erroneously admitted.

As an aid to understanding the problem, it is noted that, in the first conversation, Mr. Cross said that he saw no traffic coming, so he made a left turn and was struck by the motorcycle. At the second interview, he said that when he started to make his left turn he noticed the motorcycle about a block away, thought he had time to complete the turn, but had to stop because five girls darted out in front of him and

that he was then struck by the motorcycle. The testimony by Mrs. Cross, who was a passenger in the vehicle at the time of the accident, was substantially the same as the story attributed to her deceased husband at the second interview with the officer.

■ In our opinion, the statement made by counsel for the plaintiff, after the court overruled the objection to the admission of the second conversation, did not amount to a waiver of the objection on the ground of hearsay. As we view the record, the plaintiffs did not withdraw their objection to the testimony but merely insisted that the defendant be required to submit testimony as to the first statement. It is not here urged that the first statement was other than res gestae and it was therefore admissible. The court having already overruled the proper objection to the second statement, counsel was placed in the rather unenviable position of "having to make the best of a bad situation." This was not a waiver, State v. Kile, 1923, 29 N.M. 55, 218 P. 347, and Chandler v. Welborn, 1956, 156 Tex. 312, 294 S.W.2d 801.

■ Defendant also urges that the objection was waived because, upon cross-examination, plaintiff elicited the same information from the officer. It is true the cross-examination developed nothing different from that already brought out on direct, and merely emphasized the discrepancies in the two statements, but the damage

(if it was damage) had already been done. If the actions taken by plaintiffs were to be construed as a waiver, the right of cross-examination would be infringed.

The case is controlled by State v. Kile, supra, where this court said:

"* * * Where incompetent evidence is admitted over objection, and where it becomes expedient or necessary to rebut the same, in order to avoid an unfair prejudice which might arise otherwise from the original evidence, resort may be had to the same class of objectionable evidence without waiving the original error."

See also Jones v. Bailey, 1957, 246 N.C. 599, 99 S.E.2d 768, and 1 Wigmore, Evidence, 3d ed., § 18(d), at 345.

This is not a case where the objector waived his objection by utilizing, for his own purposes, some other portion of the hearsay testimony, as in Sevener v. Northwest Tractor & Equipment Corp., 1952, 41 Wash.2d 1, 247 P.2d 237. The other cases relied upon by appellee are not in point under the circumstances before us.

The only other issue that we must determine is that urged by the appellee that the admission of the evidence was harmless, as there was other competent evidence of the same facts. The cases cited by the defendant, other than the two hereafter mentioned, are non-jury cases, and the rule is not the same. New Mexican Railroad Co. v. Hendricks, 1892, 6 N.M. 611, 30 P. 901, did not involve such controverted facts as we have before us. In that case, the verdict was clearly based on competent, rather than incompetent, testimony. Here, perhaps, the converse might have been true. Tevis v. McCrary, 1965, 75 N.M. 165, 402 P.2d 150, is of no aid to the defendant, as we there said that there was no prejudice as a matter of law. We are committed to the rule, in jury cases, enunciated in Downer v. Southern Union Gas Co., 1949, 53 N.M. 354, 208 P.2d 815, and Brown v. General Insurance Company of America, 1962, 70 N.M. 46, 369 P.2d 968, that if proper objection is made, the admission of hearsay testimony is prejudicial, reasonably calculated to cause and may have caused the rendition of an improper verdict, and requires reversal. The mere fact that Mrs. Cross' testimony corroborated, or was corroborated by, the hearsay testimony cannot alter the situation, and more particularly so here, where the issues of negligence, contributory negligence and proximate cause were the subject of great conflict in the testimony between plaintiffs and the defendant.

The case will be reversed, with direction that the trial court grant a new trial. It is so ordered.

COMPTON, J., and WOOD, J., Court of Appeals, concur.