559 P.2d 1201

**Borden W. WILSON, Plaintiff-Appellee,**

v.

**LEONARD TIRE COMPANY, INC., and Jimmy Chavez, Defendants-Appellants.**

**No. 2539.**

Court of Appeals of New Mexico.

Nov. 16, 1976.

Rehearing Denied Dec. 2, 1976.

Certiorari Denied Jan. 7, 1977.

James C. Ritchie, Bruce D. Hall, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellants.

Thomas F. McKenna, Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

The appeal is concerned with the use of medical reports of physicians not called to testify at the trial of this personal injury case. The reports contained the opinions of the nontestifying physicians; over defendants' objection, these opinions were admitted into evidence at the trial. The questions presented are whether the opinions were admissible: (1) as medical history; (2) under Evidence Rule 703 and Evidence Rule 705; (3) under Evidence Rule 803(24) or (4) as impeachment of a testifying physician. An additional question (5) is whether erroneous admission of the opinions was prejudicial error.

Plaintiff's car was struck from behind by defendants' vehicle. Plaintiff sued for personal injuries. Defendants admitted liability; the issue tried was that of damages. Plaintiff had a preexisting degenerative arthritic condition of the cervical and lumbar spine. An issue at trial was the extent the preexisting condition had been aggravated as a result of the accident. See *Morris v. Rogers*, 80 N.M. 389, 456 P.2d 863 (1969).

*Medical History*

█ In narrating plaintiff's medical history subsequent to the accident, Dr. Prescott was permitted to testify that plaintiff had been examined at a clinic in Oklahoma "and following an evaluation they recommended a hip transplant." Defendants' contention is that the recommendation was hearsay, not properly includable as a part of the medical history.

We do not decide whether the clinic's recommended treatment was admissible as a statement for purposes of medical diagnosis or treatment. See Evidence Rule 803(4); *Waldroop v. Driver-Miller Plumbing & Heating Corp.*, 61 N.M. 412, 301 P.2d 521 (1956). As a part of the same history, Dr. Prescott testified that the clinic's recommendation was reported to two other physicians who did *not* recommend the surgery. Dr. Prescott testified that he saw no indications for doing a hip replacement; that he was not impressed with the condition of the hip joint. There is evidence that plaintiff complained of hip pain. Dr. Prescott related this to the lumbar condition. The inference from Dr. Prescott's testimony is that there was no cause and affect relationship between the accident and the condition of the hip joint.

Any error in admitting the clinic's recommendation as a part of the medical history was harmless.

*Evidence Rules 703 and 705*

█ Evidence Rule 703 states that facts or data upon which an expert bases an opinion may be those made known to him at or before the hearing. "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

Defendants had Dr. Prescott identify various medical reports that Dr. Prescott reviewed in preparation for his trial testimony. Defendants cross-examined Dr. Prescott extensively as to asserted discrepancies between these reports and Dr. Prescott's trial testimony. This cross-examination went to the pre-accident condition of plaintiff's lumbar spine and the asserted absence of change in that condition subsequent to the accident. There is no claim that this cross-examination was improper.

Two of the reports identified by Dr. Prescott as having been utilized by him were the reports of Dr. Margo and Dr. Harvie. Defendants called Dr. Klebanoff and Dr. Stern as witnesses at trial. During the cross-examination of these two defense witnesses, the trial court permitted plaintiff to introduce medical opinions contained in the reports of Dr. Margo and Dr. Harvie. These opinions were to the effect that plaintiff's lumbar condition had been aggravated by the accident.

The opinions contained in the reports of Drs. Margo and Harvie could not have been properly admitted under Evidence Rule 703. That rule permits use of inadmissible facts and data reasonably relied on by the expert in forming an opinion. There is no evidence that Dr. Klebanoff or Dr. Stern relied on the reports of Dr. Margo or Dr. Harvie in forming their opinions. Even if the physicians had relied on hearsay in forming their opinions, that would not make the hearsay itself admissible. *United States v. Harper*, 450 F.2d 1032 (5th Cir.1971); *National Bank of Commerce v. City of New Bedford*, 175 Mass. 257, 56 N.E.2d 288 (1900); *City of Cheyenne v. Frangos*, 487 P.2d 804 (Wyo.1971); Compare *Herrera v. Springer Corporation*, 89 N.M. 45, 546 P.2d 1202 (Ct.App.1976).

█ Plaintiff contends the opinions in the reports of Dr. Margo and Dr. Harvie were properly admitted under Evidence Rule 705. That rule states that an expert may be required to disclose the facts or data underlying his opinion on cross-examination. Plaintiff asserts that under Evidence Rule 705, he could properly bring out that Dr. Klebanoff and Dr. Stern had *rejected* the opinions of Dr. Margo and Dr. Harvie.

Plaintiff's argument might be pertinent if Dr. Klebanoff and Dr. Stern had *considered* the reports of Dr. Margo and Dr. Harvie. There is nothing showing the reports were considered. Not having con-

sidered the reports, the defense witnesses could not have *rejected* the reports.

Neither Evidence Rule 703 nor Evidence Rule 705 authorized admission of the opinions in the reports of Dr. Margo and Dr. Harvie.

*Evidence Rule 803(24)*

■ The opinions in the reports of Dr. Margo and Dr. Harvie were offered to prove the truth of the claim that plaintiff's lumbar condition had been aggravated by the accident. These opinions were hearsay. Evidence Rule 801(c); *Waldroop v. Driver-Miller Plumbing & Heating Corp.,* supra.

Hearsay is not admissible except as provided by the Rules of Evidence, other rules adopted by the Supreme Court or by statute. Evidence Rule 802. Evidence Rule 803 lists 24 items not excluded by the hearsay rule. In denying defendants' motion for a new trial, the trial court ruled that the opinions of Dr. Margo and Dr. Harvie were admissible under the 24th item of Evidence Rule 803. The amendment to the 24th item, effective April 1, 1976, is not applicable. The wording of the 24th item applicable to this case is:

"(24) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions [the prior 23 items] but having comparable circumstantial guarantees of trustworthiness."

The Advisory Committee's Note to the proposed Rules of Evidence for United States Courts states that item 24 provided "for treating new and presently unanticipated situations which demonstrate a trustworthiness within the spirit of the specifically stated exceptions."

How to get into evidence the opinion of an absent medical witness could hardly be considered an unanticipated situation. Our Rules of Civil Procedure, which went into effect in 1942, provide for discovery of testimony by depositions and interrogatories. See Compiler's Notes to § 21–1–1, N.M.S.A. 1953 (Repl. Vol. 4). The question of whether plaintiff's lumbar area had been aggravated by the accident was one of the issues being tried. The need for medical opinion

concerning this aggravation could not have been unanticipated.

In addition, the transcript of this trial fails to show that the opinions of Dr. Margo and Dr. Harvie were of demonstrated trustworthiness. Our concern, at this point, is with the completeness of the hearsay opinion. See 4 Weinstein's Evidence, ¶ 800[01], Cross-Examination (1975). Neither the report of Dr. Margo nor the report of Dr. Harvie indicates that the physicians were aware of plaintiff's extensive medical history or diagnoses of plaintiff's pre-accident lumbar condition by various other physicians.

Weinstein, supra, ¶ 803(24)[01] states that admissibility under the amended and more restrictive Evidence Rule 803(24) depends on the peculiar strength or weakness of the particular evidence offered. Weinstein states: "Also significant are the *knowledge* and qualifications of the declarant." (Our emphasis.) The circumstances under which the opinion was rendered must be assessed. These considerations also apply to Evidence Rule 803(24) prior to its amendment.

■ Assessing the circumstances, the transcript does not show the knowledge that Dr. Margo or Dr. Harvie had before giving their opinions as to aggravation. Recognizing that admissibility under Evidence Rule 803(24) must be within the discretion of the trial court, we hold that discretion was abused because of the absence of a circumstantial guarantee of trustworthiness.

The trial court erred in admitting the opinions from the reports of Dr. Margo and Dr. Harvie for two reasons: (1) this was not an unanticipated situation and (2) under the facts of this case, there was no circumstantial guarantee of trustworthiness. The opinions having been improperly admitted, the reports containing those opinions were improperly admitted as exhibits.

Plaintiff contends we should not reach this result because of the use made by defendant of two medical reports in the cross-examination of Dr. Prescott. One of the reports was from Dr. Gray; this report went to plaintiff's pre-accident condition.

Dr. Prescott had not utilized this report in preparing his trial testimony. The second report was from Dr. Simpson. This report stated that plaintiff's preexisting lumbar condition "'apparently was not re-exacerbated by this accident.'" Dr. Prescott had utilized Dr. Simpson's report in preparing his trial testimony.

Plaintiff contends the reports of Dr. Margo and Dr. Harvie have circumstantial guarantees of trustworthiness comparable to those of Dr. Gray and Dr. Simpson. We agree that Dr. Simpson's report is properly comparable with the reports of Dr. Margo and Dr. Harvie; this does not benefit plaintiff. The opinions of Dr. Margo and Dr. Harvie were not admissible; neither was Dr. Simpson's. Dr. Gray's report is not comparable. It goes to details of plaintiff's pre-accident condition; details largely corroborated by other exhibits not in question. Our answer to plaintiff's contention, however, is that plaintiff did not object to defendants' use of the reports of Dr. Gray and Dr. Simpson, and that there was no contention in the trial court that the opinions of Dr. Margo and Dr. Harvie were admissible because of the use made by defendants of the Gray and Simpson reports. See Evidence Rule 103; Rule of App.P., Civil 11.

■ Plaintiff also asserts the opinions of Dr. Margo and Dr. Harvie should be admissible because the opinions of those physicians had been made available to defendants prior to trial, because defendants had ample opportunity to depose Dr. Margo, and did depose Dr. Harvie prior to trial. We fail to understand the relevance of this argument. The question is the admissibility of evidence which plaintiff introduced, not whether defendants knew of or had opportunity to obtain certain evidence.

## Impeachment of Testifying Physician

■ Plaintiff claims that the opinions of Dr. Margo and Dr. Harvie were properly admitted as impeachment of the physicians testifying for defendants. The asserted impeachment was a demonstration that the witnesses were biased. On the basis that the opinions were properly used for impeachment, plaintiff asserts that defendants could have obtained a limiting instruction under Evidence Rule 106 and having failed to request a limiting instruction, defendants may not complain about the admission of the opinions.

No claim was made at trial that the opinions were admissible to demonstrate bias on the part of the testifying physicians. Defendants objected to admission of the hearsay; the trial court overruled the objection and the opinions were read to the jury.

Apart from the fact that the impeachment contentions appear to be raised for the first time on appeal, the hearsay opinions did not demonstrate bias on the part of the testifying physicians. Nor was bias established by the fact that the testifying physicians disagreed with the hearsay opinions. In addition, plaintiff's questioning of the testifying physicians concerning the hearsay opinions shows that the opinions were interjected into the cross-examination for the purpose of placing inadmissible evidence of aggravation before the jury and not to impeach the testifying physicians. This was not proper cross-examination. *State v. Carter,* 21 N.M. 166, 153 P. 271 (1915). The hearsay opinions were not admissible under the guise of cross-examination for purposes of impeachment. See *Miller v. Kennedy,* 11 Wash.App. 272, 522 P.2d 852 (1974).

## Prejudicial Error

■ Plaintiff asserts the error in admitting the hearsay opinions was not prejudicial. We disagree. If a showing of prejudice was required, such a showing was made. By use of hearsay, plaintiff presented two "aggravation" opinions to the jury to support Dr. Prescott's testimony. Dr. Prescott's opinion was severely challenged on cross-examination. The improper hearsay may have been sufficient to convince the jury of an aggravation in the lumbar area. *Brown v. General Insurance Company of America,* 70 N.M. 46, 369 P.2d 968 (1962); *Sayner v. Sholer,* 77 N.M. 579, 425 P.2d 743 (1967).

Oral argument is unnecessary. Reversed and remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.