607 P.2d 612

James O'KELLY, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 12621.

Supreme Court of New Mexico.

March 3, 1980.

Juliana Scott, Albuquerque, for petitioner.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FELTER, Justice.

Defendant was convicted of shoplifting of property worth more than $100.00 but less than $2,500.00. From an affirmance by the Court of Appeals, a petition for certiorari was granted by this Court. We reverse the decision of the Court of Appeals and the judgment and sentence of the trial court.

Our view of the issues involved in this case is correctly set forth in an opinion by Judge Sutin, which was rejected by the majority opinion of the Court of Appeals. The proposed opinion by Judge Sutin modified and revised as deemed necessary and appropriate, has been made the basis of this opinion.

A. *The doctrine of double jeopardy is not available.*

Defendant's first trial ended in a hung jury. The court was advised by the foreman of the jury that it was impossible for the jury to reach a unanimous agreement. The court entered an Order that declared a mistrial for failure of the jury to reach a unanimous verdict and ordered the case retried at the earliest convenience.

On the day of the second trial, pursuant to N.M.R.Crim.P. 44(e), N.M.S.A.1978 (Cum.Supp.1979), defendant moved orally for dismissal based upon constitutional grounds of double jeopardy. The motion

was denied. Defendant claims that the trial court's refusal in the first trial, which ended in a hung jury, to grant defendant's demand for jury poll, resulted in violation of defendant's constitutional right against double jeopardy.

Reliance on Rule 44(e) is misplaced. It provides for a jury poll *when a verdict is returned and before it is recorded.* A verdict is defined as "[t]he formal and unanimous decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial." *Black's Law Dictionary* 1730 (Rev. 4th Ed. 1968). The failure of the jury to reach unanimous agreement is not a "verdict returned." A demand for a jury poll before the return of a verdict has been held to be premature and impermissible. *State v. Brooks,* 59 N.M. 130, 279 P.2d 1048 (1955).

It is noted that N.M.R.Crim.P. 44(d), N.M.S.A.1978 (Cum.Supp.1979) provides that where the jury has been instructed on one or more lesser included offense, and the jury cannot unanimously agree upon any of the offenses submitted, the court *shall* poll the jury by inquiring as to each degree of the offense upon which the jury has been instructed. Thus, *State v. Castrillo,* 90 N.M. 608, 566 P.2d 1146 (1977) reverses *Brooks,* at least in cases where the jury has been instructed on lesser included offenses. Rule 44(d) and *Castrillo* mandate the polling of the jury so that in those cases where the jury cannot reach unanimous agreement as to an appropriate verdict in the case as a whole, nevertheless it may have reached unanimous agreement as to one or more degrees of the offense with which the defendant is charged.

We know of no procedure other than polling the jury that would protect a defendant against double jeopardy where a hung jury on one or more degrees of the offense, has nevertheless voted unanimously to acquit on one or more other degrees of the offense. In the case at bar, however, we are dealing with one degree of an offense and a single charge to the jury. The

jury was not given a lesser included offense of shoplifting of property worth less than $100.00. In such a case, Rule 44(d) has no application and the facts of this case do not fit squarely within the *Castrillo* decision. The necessity for polling the jury to guard against double jeopardy does not exist here as it did in *Castrillo* and as contemplated by Rule 44(d). The protection of the defendant here against double jeopardy may reasonably and rationally be safeguarded by the trial judge exercising sound discretion in determining from the situation before him that the jury is hopelessly deadlocked. Polling of the jury in such a case is not necessary and conceivably may not even be desirable.

■ Defendant further argues that the discharge of the jury for failure to agree requires a showing of essential facts on which the discharge was based. "A mistrial not moved for or consented to by the defendant must be based upon a manifest necessity . . . ." *State v. Castrillo, supra* at 613, 566 P.2d at 1151. The only fact necessary to a showing of manifest necessity for the declaration of a mistrial was the impossibility of agreement. *See State v. Castrillo, supra.* Thus, the court's order stated the essential facts for discharge of the jury.

■ Finally, defendant argues that no consent was given to the discharge of the jury; that no implication of consent can be found because defendant wanted to obtain information from the jury concerning their inability to agree upon a verdict; and that there was no participation by defendant in the decision to discharge the jury and order a mistrial.

After defendant. stated that he had no objections to a mistrial, he did request a jury poll and was then interrupted by the court. Defendant may have intended to further state that he had no objection to the mistrial if he was allowed a jury poll; that in this respect he did not consent to the discharge of the jury. Giving the defendant the benefit of this intendment, it does not affect the conclusion reached. When a court declares a mistrial and discharges the

jury, it is immaterial whether the defendant objected. *State v. Woo Dak San*, 35 N.M. 105, 290 P. 322 (1930). The court "shall" order a mistrial and discharge the jury in the absence of unanimous agreement. N.M.R.Crim.P. 44(g), N.M.S.A.1978 (Cum.Supp.1979). The word "shall" is mandatory. § 12–2–2(I), N.M.S.A.1978. No discretion is allowed the court.

It is well established that a defendant is not placed in unconstitutional double jeopardy from being brought to trial for the same offense the second time, after the jury in the first trial has been unable to reach a verdict as to his guilt or innocence and a mistrial order has been entered.

*Dortch v. United States*, 203 F.2d 709, 710 (6th Cir. 1953).

The trial court properly denied defendant's motion to dismiss based upon the doctrine of double jeopardy.

B. *Admission in evidence of opinion of a non-witness doctor is reversible error.*

The theory of the defense was the inability of defendant to form a "specific intent" to shoplift "two scanners" due to defendant's drug-induced state.

Defendant called Dr. Douglas Ferraro, a behaviorial pharmacologist, who testified on behalf of defendant. In rebuttal the State called Dr. Richard Reid, a clinical psychologist. After Dr. Reid rendered an opinion that defendant could form a specific intent, the following testimony was admitted over objection:

Q. You indicated that he [defendant] was previously examined by Dr. Ritsema?

A. Yes.

Q. Who is a psychiatrist?

A. Yes.

Q. Does that mean he has a medical degree?

A. Yes, he has an osteopathic degree. He has a D.O., rather than an M.D.

 * * * * * *

Q. You are aware that Dr. Ritsema evaluated Mr. O'Kelly?

A. Yes.

Q. Do you know when he evaluated Mr. O'Kelly?

A. Yes. He also evaluated him on March 13, just prior to my seeing him.

Q. *And you conferred together at that time?*

A. *Yes, and later.*

Q. And later? All right. *You concluded he was unable to form a specific intent. Can you tell the jury whether Dr. Ritsema concurred in that opinion?*

A. I stated I felt he could form specific intent.

Q. I'm sorry, he could form specific intent, right? *Did he concur in that opinion?*

A. *Yes, he did.* (Emphasis added.)

■ Defendant objected to this line of questioning on the ground that the admission of the hearsay opinion of non-testifying Dr. Ritsema on "specific intent" was erroneous. The evaluation report of Dr. Ritsema was not offered in evidence. The question for decision is whether it was reversible error to permit the hearsay opinion of Dr. Ritsema to be submitted to the jury? The answer is yes.

*Wilson v. Leonard Tire Co., Inc.*, 90 N.M. 74, 559 P.2d 1201 (Ct.App.1976) holds that the admission in evidence of the hearsay medical reports of non-testifying physicians which contain opinions is prejudicial error. This Court there stated:

The opinions contained in the reports of Drs. Margo and Harvie could not have been properly admitted under Evidence Rule 703. That rule permits use of inadmissible facts and data reasonably relied on by the expert in forming an opinion

 .  .  .

90 N.M. at 76, 559 P.2d at 1203. This is especially so when the hearsay opinion of Dr. Ritsema was directed to the "specific intent" of defendant. "Specific intent" involves the complex mental state of a person.

There appears to be a conflict of authority as to whether a psychiatrist or a psychologist, present in court, can qualify and render an opinion as to the mental condition of a defendant. *See State v. Briggs*, 112 Ariz. 379, 542 P.2d 804 (1975) (directed to "specific intent"), and *Roberts v. State*, 41 Wis.2d 537, 164 N.W.2d 525 (1969) (overruled on other grounds in *Loveday v. State*, 74 Wis.2d 503, 247 N.W.2d 116 (1976)). *Roberts v. State*, involving intoxication as a defense to a specific intent crime, holds contra to *Wilson, supra*, that "No error was committed in allowing a psychiatrist to testify as to the opinion of two psychologists to whom Roberts was referred. . . . Many times doctors' opinions are dependent in part upon facts found by others *or upon the opinions of others upon whom they rely in their practice.*" 41 Wis.2d at 549, 164 N.W.2d at 531. (Emphasis added.)

Nevertheless, there is substantial authority which holds that an expert cannot base his opinion upon the oral or written opinion of another expert. *Gray v. L. J. Navy Trucking Company, Inc.*, 475 F.2d 545 (6th Cir. 1973); *6816.5 Acres of Land, Etc., Rio Arriba Co., N. M. v. United States*, 411 F.2d 834 (10th Cir. 1969); *State v. Chalaire*, 251 La. 984, 207 So.2d 767 (1968); *State v. Johnson*, 504 S.W.2d 334 (Mo.App.1973). *See United States v. Bohle*, 445 F.2d 54 (7th Cir. 1971).

We feel bound by *Wilson*. It was reversible error to permit Dr. Ritsema's hearsay opinion on "specific intent" to be submitted to the jury.

The State relies on Rule 703 of the N.M. R.Evid. 703, N.M.S.A.1978. It reads:

*The facts or data* in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the *facts or data* need not be admissible in evidence. (Emphasis added.)

Rule 703 which governs the permissible bases upon which the opinion of an expert

may be founded is grounded on "the facts or data" in the particular case. *See Wilson, supra*. For example, a doctor may rely on medical reports prepared by the doctors, which reports are *not* in evidence, if these reports are of the kind reasonably relied on by such experts. *State v. Chambers*, 84 N.M. 309, 502 P.2d 999 (1972); *See Higgins v. Hermes*, 89 N.M. 379, 552 P.2d 1227 (Ct. App.1976); *Herrera v. Springer Corporation*, 89 N.M. 45, 546 P.2d 1202 (Ct.App. 1976); 3 Weinstein ¶ 703(01) (1978).

Rule 703 is not applicable. It has no bearing upon the admission in evidence of the opinion of a non-testifying expert. It relates to facts or data upon which an expert based his opinion.

The Decision of the Court of Appeals and the judgment and sentence of the trial court are reversed. The case is remanded for a new trial.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.