628 P.2d 314

**Donna J. COWAN, Petitioner-Appellant,**

v.

**Hon. Thomas DAVIS,
Respondent-Appellee.**

**No. 13263.**

Supreme Court of New Mexico.

May 19, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Sante Fe, Teel & Walker, John J. Walker, Albuquerque, for petitioner-appellant.

Jose L. Martinez, Albuquerque, for respondent-appellee.

## OPINION

RIORDAN, Justice.

Defendant Donna J. Cowan was tried in magistrate court on a charge of prostitution. After the jury was unable to reach a verdict, the magistrate judge declared a mistrial and directed that a new trial date be obtained from the docketing clerk. Counsel for the State and for the defendant immediately obtained a new trial setting. The final order entered after the mistrial did not expressly reserve the right to retry the defendant. On that basis, the defendant filed a motion to dismiss the charge. The motion was denied. Thereafter, the magistrate judge amended the final order stating that the case was set for retrial before a jury.

The defendant filed a petition for a writ of prohibition in the district court seeking to prohibit the magistrate court from retrying her. The district court denied the petition and the defendant appeals.

The issue on appeal is whether the failure of the magistrate court to expressly reserve the right to retry the defendant in its final order bars a retrial on the basis that such action would constitute double jeopardy. We hold that it does not.

Defendant relies on Rule 44(h) of the Rules of Criminal Procedure for District Courts, and *State v. Spillmon*, 89 N.M. 406, 553 P.2d 686 (1976), in arguing that a retrial in this case would constitute double jeopardy.

The defendants in *Spillmon* were charged with felony murder, aggravated burglary and attempted robbery. The jury returned a verdict of guilty as to attempted robbery and not guilty as to burglary. The jury was deadlocked on the felony murder charge. The trial court did not declare a mistrial but merely dismissed the jury and set the case for retrial on the murder charge. The defendants then moved to dismiss the murder charges on grounds of double jeopardy. The trial court denied the motion.

On appeal, this Court reversed the trial court and held that because the trial court concluded the proceedings without reserving jurisdiction by properly declaring a mistrial, double jeopardy barred retrial of the defendants on the murder charges. We stated that:

> If a mistrial had been properly declared, jeopardy would not have attached and the State would be free to assert its claims before another jury.

89 N.M. at 407, 553 P.2d at 687.

■■ A defendant is not placed in double jeopardy by being brought to trial for the same offense the second time, after the jury in the first trial has been unable to reach a verdict as to guilt or innocence and a mistrial has been properly declared. *O'Kelly v. State*, 94 N.M. 74, 607 P.2d 612 (1980). When the jury in this case was unable to reach a verdict, Magistrate Judge Davis orally declared a mistrial, dismissed the jury and then entered an order in which he stated:

> Mistrial declared. Jury unable to reach a verdict.

It is clear that the judge in the instant case properly declared a mistrial. Therefore, there is no double jeopardy. It is irrelevant that he did not expressly reserve the right to retry the defendant in his final order. By properly declaring a mistrial, the court automatically reserves the power to retry the defendant.

■ Defendant also relies on Rule 44(h) of the New Mexico Rules of Criminal Procedure for the District Courts. Rule 44(h) requires that an order declaring a mistrial based on jury disagreement be in writing and expressly reserve the right to retry the defendant. The magistrate court is required to follow the Rules of Criminal Procedure for the Magistrate Courts. N.M. Magis.R.Crim.P. 1, N.M.S.A.1978. There is no requirement in the Rules of Procedure for Magistrate Courts or in the Supreme Court approved forms for that court which requires it to expressly reserve jurisdiction. We therefore hold that the court can retry the defendant without expressly reserving that right.

The decision of the district court denying defendant's petition for a writ of prohibition is therefore affirmed.

EASLEY, C. J., and PAYNE, J., concur.