This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELIGIA TORRES,**

    Plaintiff-Appellee,

v.                                      **NO. 30,131**

**JUDITH CRUZ d/b/a LITTLE CREEK SALOON and LITTLE CREEK SALOON,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**George P. Eichwald, District Judge**

James Lawrence Sanchez
Belen, NM

for Appellee

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Lorraine Hollingsworth
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendants appeal the entry of a civil judgment against them. In this Court's notice of proposed summary disposition, we proposed to reverse. Plaintiff has filed a memorandum in opposition. We have considered Plaintiff's arguments, and as we are not persuaded by them, we now reverse the judgment.

**The Admission of Deposition Testimony in Lieu of Testimony at Trial**

Defendants contend that the district court erred in admitting into evidence the depositions of several witnesses, including the Plaintiff's doctors and an expert on the toxicology of alcohol. [DS 33-36] "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341.

The Rules of Evidence generally prohibit the introduction of statements made out of court when they are offered to prove the truth of the matter asserted. *See* Rule 11-801(C) NMRA (defining [h]earsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" (internal quotation marks and citation omitted)); Rule 11-802 NMRA (stating that [h]earsay "is not admissible except as provided by these rules or by other rules adopted by the supreme court or by statute"). The deposition testimony

at issue was clearly hearsay, as the statements made by the doctors and other experts were not made while testifying at trial. Therefore, the testimony should not have been admitted unless it came within an exception to the rule.

Plaintiff's motion seeking the admission of the depositions in lieu of live testimony did not refer to any particular rule, and instead sought admission of the depositions because it would "save substantial expense" for Plaintiff. [RP 122] The desire to save money is not a valid exception to the rule against hearsay, as it is not contained within any rule or statute. *See* Rule 11-802. Furthermore, as Defendants pointed out in their response to Plaintiff's motion, Rule 11-804(B)(1) NMRA only permits the use of prior testimony when the proponent of the testimony can demonstrate that the declarant is unavailable and that either the party against whom the testimony is offered or a predecessor-in-interest had both an opportunity and a similar motive to develop the prior testimony through direct, cross, or redirect examination. Here, Plaintiff failed to demonstrate (1) that the doctors and the expert were unavailable to testify, and (2) that either Defendant or a predecessor-in-interest was able to take part in the depositions. Accordingly, we conclude the evidence would not have been admissible pursuant to Rule 11-804(B)(1).

Plaintiff contends that the district court did not err in admitting the evidence because Defendants failed to object at the hearing on the motion in limine. [MIO 1-3]

3

We find this argument to be unpersuasive. After Plaintiff filed her motion in limine, Defendants filed a response, in which they clearly argued that admission of the depositions was improper under the Rules of Evidence. [RP 127-29] This was sufficient to alert the district court to their position that the depositions should not be admitted. Defendant Cruz then appeared pro se at the hearing because her counsel had withdrawn, and although she apparently did not affirmatively restate her position that the depositions should not be admitted (because most of the hearing apparently centered around the issue of a continuance and on the need for Defendant to obtain new counsel) neither did she disavow the position that Defendants had clearly taken in their response to the motion in limine. [MIO 2-3] Therefore, we find that Defendants properly objected prior to trial to the admission of the depositions.

Plaintiff asserts that the depositions were properly admitted at trial pursuant to Rule 11-807 NMRA. We disagree. That rule requires the person offering the evidence to demonstrate, among other things, that the hearsay statements are "more probative on the point for which [they are] offered than any other evidence which the proponent can procure through reasonable efforts." Rule 11-807(B). Plaintiff does not assert that she demonstrated to the district court that the deposition testimony was more probative than the evidence that could have been obtained through the live testimony of the deposed witnesses, and Plaintiff does not argue that she could not

obtain the live testimony of these witnesses through reasonable efforts. Therefore, Plaintiff failed to meet the requirement of Rule 11-807(B).

Plaintiff asserts that once the district court ruled that it would admit the evidence, Defendants waived their objections by relying on the deposition testimony in their proposed findings and conclusions. We disagree. It was Plaintiff's obligation to adduce sufficient evidence to prove her case against Defendants, and therefore, Defendants would have to discuss the evidence introduced by Plaintiff in order to make any argument about what the evidence did or did not show. Once Defendants appropriately objected to the admission of the testimony and the objection was overruled, Defendants were not required to pretend that this evidence was never introduced in asking the district court to make its findings and conclusions. Plaintiff cites no authority for such a proposition, and we therefore presume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Instead Plaintiff cites several cases in which a party waived an argument on appeal by failing to raise an objection to the admission of evidence. [MIO 4-5] These cases simply stand for the proposition that a failure to object to the admission of evidence constitutes acquiescence in its admission. They are not on point because Defendants objected to the admission of the depositions. Plaintiff also

5

cites *Sayner v. Sholer*, 77 N.M. 579, 581, 425 P.2d 743, 744 (1967). [MIO 5] However that case, if anything, reinforces the position that Defendants did not waive their objection by relying on the hearsay evidence in their findings and conclusions, since that case states that a party does not waive an evidentiary objection when he has to rely on evidence improperly admitted over his objection because he has been placed by the district court's erroneous ruling "in the rather unenviable position of having to make the best of a bad situation." *Id.* (internal quotation marks and citation omitted).

Accordingly, we conclude that the admission of the deposition testimony in lieu of live witnesses constituted an abuse of discretion. Generally, error in the admission of evidence in a bench trial is not reversible in the absence of evidence that the district court relied on the evidence in reaching its determination. *See In re I.N.M.*, 105 N.M. 664, 669, 735 P.2d 1170, 1175 (Ct. App. 1987). Here, however, the testimony is expressly relied upon in the district court's findings and conclusions. [RP 192-98] Accordingly, we conclude that the error was not harmless.

Because our reversal is based on the erroneous admission of the deposition testimony as described in Issue 6 of Defendants' docketing statement, we do not address Defendants' remaining claims of error. As we have not addressed those issues, this opinion expresses no implicit opinion on the merits of the arguments

Defendants made in their docketing statement, and this opinion is not the law of the case as to those issues.

Therefore, for the reasons stated this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**

 

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**MICHAEL E. VIGIL, Judge**