822 P.2d 122

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Wallace O'KELLEY, Defendant– Appellee.**

**No. 12618.**

Court of Appeals of New Mexico.

April 25, 1991.

Certiorari Granted June 12, 1991.

Certiorari Quashed and Cause Remanded Nov. 25, 1991.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

MINZNER, Judge.

Defendant was indicted for vehicular homicide and driving while intoxicated. After a trial on both charges, the jury convicted him of driving while intoxicated, but could not agree as to vehicular homicide. The state appeals an order granting defendant's motion to dismiss the charge of homicide by vehicle on the basis of double jeopardy. The sole issue presented on appeal is whether the constitutional prohibition against double jeopardy precludes a retrial of the vehicular homicide charge. We reverse.

## FACTS AND PROCEDURAL BACKGROUND.

On November 27, 1989, defendant was charged with the following two-count criminal information: Count I: driving under the influence of intoxicating liquor or recklessly and thereby causing a death (vehicular homicide), contrary to NMSA 1978, Section 66-8-101 (Cum.Supp.1990); and Count II: driving while under the influence of intoxicating liquor or with an impermissible blood alcohol content level, contrary to NMSA 1978, Section 66-8-102 (Cum.Supp.1990).

On May 23, 1990, a jury trial commenced on the charges. The jury was instructed as to both counts charged in the criminal information. In its instructions to the jury, the state dropped the "reckless" language from the vehicular homicide count and relied solely on an explanation of intoxication for defendant's conduct. The jury found defendant guilty of driving while under the influence of intoxicating liquor, as charged in Count II. However, it was unable to reach a verdict under Count I. Accordingly, the trial judge declared a mistrial as to Count I, vehicular homicide, and directed a retrial of Count I.

Before the vehicular homicide charge could be retried, defendant filed a motion to dismiss in which he argued that a retrial would constitute double jeopardy because (1) a retrial would violate the principles set forth in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and (2) a conviction of driving while intoxicated is a lesser-included offense of homicide by vehicle. The trial court agreed and granted defendant's motion to dismiss. On appeal, the state contends that the trial court erred in granting defendant's motion to dismiss. We agree.

## DISCUSSION.

The fifth amendment to the United States Constitution, applicable to the states through the fourteenth amendment, and Article II, Section 15 of the New Mexico Constitution each contain a clause providing that no person shall be twice put in jeopardy for the same offense. *State v. Hamilton*, 107 N.M. 186, 754 P.2d 857 (Ct.

App.1988). Neither party has argued that on the facts of this case there is any difference in the application of the state and the federal constitutional provisions. For the purposes of this opinion, then, we assume the two clauses require the same analysis and result.

■ The double jeopardy clause affords a defendant protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. *Id.* Jeopardy attaches when the jury is impaneled and sworn to try the case. *See State v. James,* 93 N.M. 605, 603 P.2d 715 (1979). Here, jeopardy has attached as to the charges contained in both counts.

■ Because jeopardy has attached, the trial court apparently believed that under *Grady* it was required to dismiss the charge on which the jury was unable to agree. We note that the test laid out in *Grady* could be read to bar any future prosecution of the vehicular homicide charge in this case. *See id.,* 495 U.S. at 510, 110 S.Ct. at 2087, 109 L.Ed.2d at 557. However, we conclude that *Grady* was not intended to apply on these facts.

The defendant in *Grady* pled guilty to the misdemeanors of driving while intoxicated and failure to keep to the right of the median. Subsequently, he was indicted and charged with reckless manslaughter, criminally negligent homicide, and third-degree reckless assault. The bill of particulars revealed that the prosecution would rely on three reckless or negligent acts to prove the charges: (1) operating a motor vehicle in an intoxicated condition, (2) failing to keep to the right of the median, and (3) driving at a speed too fast for the weather and road conditions. The defendant moved to dismiss the indictment on statutory and constitutional double jeopardy grounds. Upon review, the Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that

constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. Accordingly, because the state planned to prove the entirety of the conduct for which the defendant was previously convicted to establish the essential elements of the crimes charged in the indictment, the Court held that double jeopardy barred the prosecution.

The facts of this case, however, are distinguishable from those in *Grady.* In *Grady,* the defendant was charged in two separate proceedings. We note the *Grady* Court's admonition that "[w]ith adequate preparation and foresight, the State could have prosecuted [defendant] for the offenses charged in the traffic tickets and the subsequent indictment in a single proceeding, thereby avoiding this double jeopardy question." *Id.* at 524, 110 S.Ct. at 2095, 109 L.Ed.2d at 566. *Grady* also indicated that "[s]uccessive prosecutions, whether following acquittals or convictions, raise concerns that extend beyond merely the possibility of an enhanced sentence." *Id.* at 509, 110 S.Ct. at 2086, 109 L.Ed.2d at 556.

In the present case, however, the state initially brought all the charges against defendant in one proceeding. Although the trial court's directive for a retrial and successive prosecution followed a conviction of Count II, such "successive prosecution" resulted from a hung jury and a mistrial on Count I. Accordingly, we can characterize the "successive prosecution" more properly as a "continuing prosecution" of the charges in Count I as initially brought as part of one prosecution. The jury having failed to either acquit or convict, the prosecution has not ended.

There is no basis under New Mexico cases for barring a retrial of the vehicular homicide charge. It is well established under New Mexico case law that a retrial after a mistrial caused by a hung jury does not violate the constitutional prohibition on double jeopardy. *See Cowan v. Davis,* 96 N.M. 69, 628 P.2d 314 (1981); *State v. Wardlow,* 95 N.M. 585, 624 P.2d 527 (1981); *O'Kelly v. State,* 94 N.M. 74, 607 P.2d 612

(1980). In such circumstances, the further proceeding has been viewed as a continuation of the prior one. *See State v. Spillmon,* 89 N.M. 406, 553 P.2d 686 (1976).

■ Considerations to be balanced against a defendant's interest in avoiding a retrial following a declaration of mistrial are: (1) whether there was manifest necessity for discharge of the first jury, or (2) whether the ends of public justice will be defeated by carrying the first trial to a final verdict. *See State v. De Baca,* 88 N.M. 454, 541 P.2d 634 (Ct.App.1975). The most common form of "manifest necessity" is a mistrial declared by the trial judge following the jury's declaration that it is unable to reach a verdict. *See Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087–88, 72 L.Ed.2d 416 (1982); *see also Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978).

> The argument that a jury's inability to agree establishes reasonable doubt as to the defendant's guilt, and therefore requires acquittal, has been uniformly rejected in this country. Instead, without exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial. This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws.

*Id.* The rule is long standing, having first been articulated by Justice Story, writing for a unanimous court. *See generally Illinois v. Somerville,* 410 U.S. 458, 461–66, 93 S.Ct. 1066, 1069–71, 35 L.Ed.2d 425 (1973) (discussing *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824)). Nothing in *Grady* suggests that it was intended to change this long-standing rule.

We recognize that a central concern underlying the "same conduct" test in *Grady* is that multiple prosecutions permit the state to rehearse its presentation of the proof. *Id.,* 495 U.S. at 518, 110 S.Ct. at 2091–2092, 109 L.Ed.2d at 562. That potential exists in every case that must be retried after a mistrial. Nevertheless, we are not persuaded that the United States Supreme Court meant to modify the long-standing rule of *Perez.* In referring to "successive prosecutions," we believe the Court in fact retained the rule, under which retrial is viewed as a continuation of the prior proceeding.

■ Moreover, to the extent that defendant argues that his conviction for driving while intoxicated constitutes an "implied acquittal" of vehicular homicide, we disagree. An implied acquittal generally occurs when the jury is instructed to choose between a greater and a lesser offense, and chooses the lesser. "In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal" of the greater offense. *See Green v. United States,* 355 U.S. 184, 190 (1957). The charges in the present case, however, were presented as separate counts, as opposed to lesser-included offenses. *See State v. Castrillo,* 90 N.M. 608, 611, 566 P.2d 1146, 1149 (1977) (the predecessor to SCRA 1986, 5–611(C) allowed retrial for counts upon which the jury cannot agree if the charges are "presented to a jury as separate or alternative counts rather than included offenses"). The jury convicted defendant for driving while intoxicated, but it was deadlocked as to the charge of vehicular homicide.

It is clear from the record that the jury was unable to agree on the highest level of the offense charged, but it did agree that defendant was guilty of a lesser degree of the offense. Neither the express language of the rule nor the case law address this situation. The language in *Castrillo* and other cases stating that "a conviction of a lesser included offense bars further prosecution for the greater offense" might appear to bar reprosecution. *Id.* at 611, 566 P.2d at 1149. However, we think a common sense reading of the rule and of *Castrillo* and its progeny refute this contention. The purpose of the rule is to determine the *highest* level of an offense at which the jury has been unable to agree, and allows reprosecution at that and any lesser level, provided only that the jury has not voted to acquit the defendant at a lesser level. *See* R. 5–611(D). In the present case, the jury was unanimous that

defendant was guilty of DWI. This is not inconsistent with a verdict of guilty of vehicular homicide, and presents no grounds for dismissing that charge. The jury's disagreement on the vehicular homicide charge is therefore, legitimately, the highest level of the charge at which the jury disagreed.

One cannot infer from these facts that the jury found that defendant should be acquitted as to vehicular homicide. Only where the jury is given the full opportunity to return a verdict either on the greater or alternatively on the lesser offense does the doctrine of implied acquittal obtain. *United States v. Reed,* 617 F.Supp. 792 (D.Md. 1985).

CONCLUSION.

We conclude that *Grady* is not applicable when the prosecution initially brings all the charges in one prosecution. We do not believe that the "same conduct" test enunciated in *Grady* is triggered when the successive prosecution is the result of a hung jury. This situation does not imply an acquittal of the charge that was not resolved, does not create an incentive for prosecutorial misconduct and, because it is a continuing jeopardy and not two separate jeopardies, does not create an added risk of conviction. Accordingly, we reverse the trial court's granting of defendant's motion to dismiss and remand the matter for retrial on the vehicular homicide charge. Should defendant be convicted on retrial of vehicular homicide while driving while intoxicated, his sentence for the prior conviction of driving while intoxicated must be vacated on the ground that the lesser offense of driving while intoxicated must be viewed as having merged with the greater offense of vehicular homicide. *See State v. Wiberg,* 107 N.M. 152, 157, 754 P.2d 529, 534 (Ct. App.1988). "The sentence to be vacated is that imposed for the lesser offense[.]" *Id.* at 158, 754 P.2d at 535.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.