IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2013-NMSC-015

Filing Date: March 25, 2013

Docket No. 32,915

STATE OF NEW MEXICO,

       Plaintiff-Petitioner and Cross-Respondent

v.

GREG COLLIER,

       Defendant-Respondent and Cross-Petitioner.

ORIGINAL PROCEEDING ON CERTIORARI
Fernando R. Macias, District Judge

Gary K. King, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Petitioner and Cross-Respondent

Caren Ilene Friedman
Santa Fe, NM

The Pickett Law Firm, L.L.C.
Lawrence M. Pickett
Las Cruces, NM

for Respondent and Cross-Petitioner

Albright Law and Consulting
Jennifer Rebecca Albright
Albuquerque, NM

Jones, Snead, Wertheim & Wentworth, P.A.
Jerry Todd Wertheim
Santa Fe, NM

1

Barbara E. Bergman
Albuquerque, NM

Trace L. Rabern, Attorney and Counselor at Law, L.L.C.
Trace L. Rabern
Santa Fe, NM

for Amicus Curiae New Mexico Criminal Defense Lawyers Association

**OPINION**

**MAES, Chief Justice.**

{1} Greg Collier (Defendant) was indicted in August 2006 for extreme cruelty to animals, a fourth-degree felony, after a horse that Defendant had been training died shortly after a training session. A jury acquitted Defendant of felony extreme cruelty to animals but was unable to reach a unanimous verdict on the lesser included offense of misdemeanor cruelty to animals, on which the district court, at the State's request, instructed the jury without objection from Defendant. The issue on appeal is whether the State can retry Defendant for the lesser offense, which was not explicitly charged in the indictment, without running afoul of the double jeopardy clause of the Fifth Amendment to the United States Constitution. We hold that the State can retry Defendant for the lesser included offense because retrial after a mistrial caused by jury deadlock does not violate the constitutional prohibition on double jeopardy.

{2} In the cross-appeal, we consider whether retrial on the lesser included offense is barred by the period set by the two-year statute of limitations for that crime. The State indicted Defendant for felony extreme cruelty to animals less than seven months after the horse's death, but the district court did not instruct the jury on misdemeanor cruelty to animals until after the statute of limitations period for that offense had run. We hold that the statute of limitations was satisfied because our statutes of limitations prescribe time limits within which the State must commence a prosecution by filing the initial charging document in a case, not time limits within which a defendant must be brought to trial. The statute of limitations does not bar retrial on the lesser included offense.

{3} Additionally, Defendant asks this Court to consider the merits of his speedy trial claim, on which the district court has not ruled. We decline to consider Defendant's speedy trial claim in the first instance and remand Defendant's case to the district court.

**BACKGROUND**

{4} The State alleges that on February 13, 2006, Defendant injured a horse he was training, causing the horse's death. On August 31, 2006, a grand jury returned an indictment charging Defendant with one count of extreme cruelty to animals, a fourth degree felony,

2

under NMSA 1978, Section 30-18-1(E) (2001) (amended 2007).

**{5}** The State has tried Defendant twice under the indictment. The records of Defendant's previous trials are not in the appellate record before this Court. At Defendant's first trial, held in March 2008, the jury failed to reach a verdict on the felony offense, and thus the district court declared a mistrial based on manifest necessity due to jury deadlock.

**{6}** At the second trial in January 2009, the State again tried Defendant on the felony extreme cruelty charge but this time requested a jury instruction on the lesser included offense of cruelty to animals. *See* § 30-18-1(B)(1) & (D). Defendant did not object to the lesser included offense instruction, and the district court instructed the jury on both offenses. The district court gave the jury the following standard step-down instruction: "If you should have a reasonable doubt as to whether the defendant committed the crime of extreme cruelty to animals, you must proceed to determine whether the defendant committed the included offense of cruelty to animals." UJI 14-6002 NMRA. The jury found Defendant not guilty of the felony charge but failed to reach a unanimous decision on the misdemeanor offense. The district court entered a judgment of acquittal on the felony charge and declared a mistrial based on manifest necessity due to jury deadlock on the misdemeanor charge.

**{7}** Following the second trial, the district court set Defendant's case for retrial under the original indictment on the lesser included misdemeanor offense of cruelty to animals. One week prior to commencement of the third trial, which was scheduled to begin July 22, 2009, Defendant moved the district court to dismiss his case. Defendant argued that any one of three grounds warranted dismissal: (1) the double jeopardy clause of the Fifth Amendment to the United States Constitution, (2) New Mexico's two-year statute of limitations for the misdemeanor cruelty to animals offense, or (3) Defendant's right to speedy trial. The district court granted Defendant's motion to dismiss because the State did not explicitly charge Defendant with misdemeanor cruelty to animals within the two-year statute of limitations period for that crime.

**{8}** The State appealed to the Court of Appeals. *See State v. Collier*, No. 29,805, mem. op. (N.M. Ct. App. Jan. 10, 2011). The Court of Appeals held "that cruelty to animals is a lesser included offense of extreme cruelty to animals and that the statute of limitations did not bar trial on the misdemeanor charge." *Id.* at 2. But the Court of Appeals affirmed the district court's dismissal of the case because "subsequent prosecution of the Defendant on the misdemeanor charge following his acquittal on the felony charge would violate the constitutional guarantee against double jeopardy." *Id.*

**{9}** The State filed a petition for writ of certiorari, arguing that principles of double jeopardy do not preclude the State from retrying Defendant on the lesser included offense because the jury hung on that charge, causing the district court to declare a mistrial. Defendant filed a cross-petition for writ of certiorari, arguing that a third trial on the misdemeanor charge would violate both the statute of limitations and his right to a speedy trial. We granted certiorari on both petitions.

3

**DISCUSSION**

**The State may retry Defendant for the misdemeanor offense without violating Defendant's double jeopardy rights**

**{10}**     Defendant asks us to uphold the Court of Appeals' conclusion that retrial on the lesser included offense would violate Defendant's double jeopardy rights. Defendant relies only on the double jeopardy clause in the federal constitution and does not argue that the New Mexico Constitution affords him greater protection.  *See* N.M. Const. art. II, § 15. Accordingly, we limit our discussion to the federal constitution and review Defendant's double jeopardy claim de novo.  *See State v. Gallegos*, 2011-NMSC-027, ¶ 51, 149 N.M. 704, 254 P.3d 655 (providing that double jeopardy claims present questions of constitutional law that we review de novo).

**{11}**     The Fifth Amendment to the United States Constitution guarantees that no person shall be "twice put in jeopardy" for the same offense.  U.S. Const. amend. V.  The "Double Jeopardy Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment."  *Benton v. Maryland*, 395 U.S. 784, 787 (1969).  The double jeopardy clause protects a criminal defendant against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense."  *Gallegos*, 2011-NMSC-027, ¶ 30 (explaining that both the state and federal constitutions provide these three levels of protection).

**{12}**     Defendant asserts that retrial in this case would constitute a second prosecution for the same offense after acquittal.  In response, the State relies on *State v. Desnoyers*, arguing that "double jeopardy principles are not implicated" when the State retries a defendant "following a mistrial in which the jury could not reach a verdict on a particular count." 2002-NMSC-031, ¶ 33, 132 N.M. 756, 55 P.3d 968  (internal quotation marks and citation omitted), *abrogated on other grounds as noted by State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144; *see also State v. O'Kelley*, 113 N.M. 25, 27, 822 P.2d 122, 124 (Ct. App. 1991) (citing New Mexico case law that relies on federal precedent and stating that it "is well established under New Mexico case law that a retrial after a mistrial caused by a hung jury does not violate the constitutional prohibition on double jeopardy").  We agree that the State may retry Defendant for misdemeanor cruelty to animals without implicating Defendant's double jeopardy rights.

**{13}**     A criminal defendant's double jeopardy right to be free from a second prosecution for an offense does not arise until jeopardy has attached and then terminates for that offense. *See Richardson v. United States*, 468 U.S. 317, 325 (1984).  In other words, two prerequisites for a meritorious successive-prosecution double jeopardy claim are (1) the attachment of jeopardy and (2) the termination of jeopardy.  In a jury trial, jeopardy attaches "when the jury is sworn" to try the case.  *State v. Saavedra*, 108 N.M. 38, 41, 766 P.2d 298, 301 (1998). Jeopardy is terminated by the entry of a final judgment, usually a conviction or an acquittal.  *See Richardson*, 468 U.S. at 325 (explaining that the protection against double

jeopardy "applies only if there has been some event, such as an acquittal, which terminates the original jeopardy"); *see also Illinois v. Somerville*, 410 U.S. 458, 467 (1973) (explaining that "the conclusion that jeopardy has attached begins, rather than ends," the double jeopardy inquiry).

**{14}**     Unlike a conviction or an acquittal, "a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which [the defendant] was subjected." *Richardson*, 468 U.S. at 326. Rather, retrial following a hung jury "is considered a continuation of the first [trial], and the defendant is thus placed in jeopardy only once." *Desnoyers*, 2002-NMSC-031, ¶ 33 (internal quotation marks and citation omitted). The United States Supreme Court has followed this rule for over one hundred and eighty years. *See United States v. Perez*, 22 U.S. 579, 579-80 (1824) (holding that if the jury is unable to agree on a verdict and the trial court discharges the jury for "manifest necessity," double jeopardy does not bar retrial of the defendant for the "same offence"). Likewise, New Mexico courts have long held that a retrial following a mistrial declared for manifest necessity does not implicate the double jeopardy clause. *See State v. Martinez*, 120 N.M. 677, 678, 822 P.2d 715, 716 (1995); *see also O'Kelley*, 113 N.M. at 27-28, 822 P.2d at 124-25 (citing cases). "This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *O'Kelley*, 113 N.M. at 28, 822 P.2d at 125 (internal quotation marks and citation omitted).

**{15}**     Applying these principles to this case, we conclude that jeopardy attached to the felony offense, extreme cruelty to animals, at Defendant's first trial. Jeopardy on the felony offense did not terminate at the end of the first trial because the district court declared a mistrial for manifest necessity due to jury deadlock. Thus, jeopardy continued on the felony offense during Defendant's second trial, when it also attached to the lesser included misdemeanor offense via the jury instruction on that offense. The district court's final judgment of acquittal on the felony offense at the end of the second trial terminated jeopardy for the felony offense. But Defendant remains in continuing jeopardy for the misdemeanor offense because the jury was unable to reach a verdict on that offense. Accordingly, we conclude that the State may retry Defendant for the lesser included offense of misdemeanor cruelty to animals without violating Defendant's double jeopardy rights.

**{16}**     Defendant's arguments to the contrary do not change our conclusion. Defendant acknowledges the rule of continuing jeopardy discussed above but insists that principles of continuing jeopardy should not apply in this case because (1) retrial is barred under *Brown v. Ohio*, 432 U.S. 161 (1997); (2) Defendant has been acquitted of the only offense explicitly charged in the indictment, and the State seeks to retry Defendant for the same alleged conduct; (3) the issue preclusion aspect of double jeopardy bars retrial; and (4) it would be unfair to allow retrial under the circumstances of this case.

**{17}**     Relying on *Brown*, 432 U.S. 161, Defendant argues that the State cannot retry him for misdemeanor cruelty to animals because he has been acquitted of—what is for double jeopardy purposes—the "same offense." In *Brown*, the United States Supreme Court

5

addressed whether the Fifth Amendment precluded Ohio from prosecuting the defendant for automobile theft after the defendant already had been prosecuted and punished—based on the same conduct—for the lesser included offense of joyriding. *Id.* at 162-63. The Supreme Court concluded that automobile theft and joyriding were the same offense under Ohio law for double jeopardy purposes and held that the defendant could not be subject to prosecution for the greater offense after he had been convicted of and punished for the lesser included offense. *Id.* at 167-69.

**{18}** Defendant argues that misdemeanor cruelty to animals is a lesser included offense of felony extreme cruelty to animals and that, as in *Brown*, the State is precluded from bringing successive prosecutions for the greater and lesser included offenses because they constitute the same offense for purposes of our double jeopardy analysis. But unlike *Brown*, where the defendant's initial misdemeanor charge resulted in a conviction prior to the second prosecution, the jury in this case never reached a verdict on the misdemeanor charge, and thus no multiple indictments or successive prosecutions ever occurred. *See id.* at 165 n.5 (noting that the Supreme Court was "not concerned . . . with the double jeopardy questions that may arise when a defendant is retried on the same charge after a mistrial"). Principles of double jeopardy do not prohibit the State from trying a defendant for greater and lesser included offenses in a single prosecution, as occurred in this case. *See Martinez*, 120 N.M. at 678, 905 P.2d at 716 (explaining that *Brown* does not apply where multiple charges are prosecuted simultaneously). Thus, *Brown* is inapplicable.

**{19}** Defendant also contends that the State cannot retry him for the uncharged, lesser included misdemeanor offense because a jury acquitted him of the sole offense explicitly charged in the indictment. Defendant's position fails to recognize the significance of Rule 5-611(D) NMRA, which provides that "[i]f so instructed, the jury may find the defendant guilty of an offense necessarily included in the offense charged," i.e., a lesser included offense. *Id.*; *see State v. Meadors*, 121 N.M. 38, 41 n.2, 908 P.2d 731, 734 n.2 (1995) (noting that the terms "lesser-included" and "necessarily-included" are interchangeable in the context of Rule 5-611(D)). The principle embodied in Rule 5-611, "that a defendant, charged with a greater offense, can be convicted of an uncharged lesser included offense, has been adopted by virtually every jurisdiction in the United States which has passed upon the issue." *Hagans v. State*, 559 A.2d 792, 800-01 & nn.5-6 (Md. 1989) (citing numerous authorities, including judicial decisions, statutes from twenty-nine jurisdictions, and procedural rules from six jurisdictions).

**{20}** For example, in *United States v. Gooday*, 714 F.2d 80 (9th Cir. 1983), *cert. denied*, 468 U.S. 1217 (1984), the Ninth Circuit Court of Appeals rejected the defendant's argument that retrial on an uncharged, lesser included offense would violate the defendant's double jeopardy rights. The defendant in *Gooday* "was tried under a one-count indictment for first-degree murder." *Id.* at 81. At the defendant's request, the trial court instructed the jury "on the lesser included offenses of second-degree murder, voluntary manslaughter, and involuntary manslaughter." *Id.* The jury acquitted the defendant of first-degree murder, the only offense expressly charged in the indictment, but failed to reach a verdict on the three

lesser included offenses. *Id.* On appeal, the defendant argued that retrial on the lesser included offenses would violate his double jeopardy rights because the jury had acquitted him of the sole count in the indictment. *Id.* at 81-82.

**{21}** The Ninth Circuit rejected the defendant's argument, relying in part on the Federal Rules of Criminal Procedure under which a "defendant may be found guilty of any lesser offense necessarily included in the offense charged." *Id.* at 82 (citing Fed. R. Crim. P. 31(c)(1)). In light of this rule, the Ninth Circuit concluded that in cases where the trial court has instructed the jury on lesser included offenses, the "lesser included offenses should be treated as if they had been specified in separate counts of the indictment." *Id.* at 83. Alternatively, if the trial court has not instructed the jury on any lesser included offenses, "the jury's verdict [must be] limited to whether the defendant committed the crime explicitly charged in the indictment. In such cases, an acquittal on the crime explicitly charged necessarily implies an acquittal on all lesser offenses included within that charge." *Id.* at 82 (citing *In re Nielsen*, 131 U.S. 176, 189-90 (1889)). The Ninth Circuit held that the "acquittal on the indictment's first-degree murder count [did] not preclude retrial on the three lesser included offenses on which the jury was instructed." *Id.* at 83.

**{22}** Like the Federal Rules of Criminal Procedure, our Rule 5-611(D) provides a mechanism through which a defendant can be retried for an uncharged, lesser included offense following a hung jury on that offense without violating double jeopardy. If a district court properly instructs a jury on a lesser included offense, then that offense should be treated as if the State had explicitly included it in the charging document. In this case, the district court instructed the jury on both the charged felony offense, extreme cruelty to animals, and the lesser included misdemeanor offense, cruelty to animals, without any objection from Defendant. Accordingly, we treat the misdemeanor offense as if it had explicitly been included in the indictment, and we conclude that acquittal on the felony offense does not raise a double jeopardy bar to retrial on the misdemeanor offense following a hung jury.

**{23}** Defendant also argues that double jeopardy bars his retrial as a matter of issue preclusion because the jury already determined an issue of ultimate fact—that he did not cruelly abuse an animal—by acquitting Defendant of the felony charge. We disagree.

**{24}** Issue preclusion in the double jeopardy context "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (applied by this Court in *Rodriguez*, 2005-NMSC-091, ¶ 15, 138 N.M. 21, 116 P.3d 92). Thus, we must determine whether Defendant's acquittal of felony extreme cruelty to animals necessarily decided all of the issues of ultimate fact that the State would have to prove in a retrial on the misdemeanor offense.

**{25}** With regard to the felony offense, the district court instructed the jury that in order "to find the defendant guilty of extreme cruelty to animals, the state must prove . . . beyond

7

a reasonable doubt" that the "defendant intentionally or maliciously tortured, mutilated or injured a horse." We recognize that by acquitting Defendant of the felony offense the jury likely concluded that the State failed to prove one or more elements of the crime beyond a reasonable doubt. On the record before us, however, we cannot determine with any degree of certainty which issues of ultimate fact the jury actually determined. For example, the jury may have concluded that the prosecution failed to prove that Defendant acted with the mens rea required for the felony offense, "intentionally or maliciously." Section 30-18-1(E). But whether Defendant acted maliciously or intentionally would be irrelevant in a third trial for misdemeanor cruelty to animals, in which the State would have to prove that Defendant acted with a different mens rea, criminal negligence. *See* § 30-18-1(B)(1) (defining cruelty to animals as "negligently mistreating, injuring, killing without lawful justification or tormenting an animal"); *see also Santillanes v. State*, 115 N.M. 215, 222, 849 P.2d 358, 365 (1993) (presuming that the word "negligence" in a criminal statute means criminal as opposed to civil negligence, absent a contrary indication from the Legislature); UJI 14-133 NMRA (defining criminal negligence). We conclude that the issue preclusion aspect of double jeopardy does not impede the State from retrying Defendant for misdemeanor cruelty to animals.

**{26}**     Finally, Defendant argues that, as a matter of fairness in its review of his double jeopardy claim, this Court should consider federal due process considerations, even though Defendant concedes he makes this argument without support. The State contends that this Court should not address Defendant's due process argument because, as an argument not raised in either the State's petition or Defendant's cross-petition for writ of certiorari, it is not properly before this Court. We agree with the State that "it is improper for this Court to consider any questions except those set forth in the petition[s] for certiorari." *Fikes v. Furst*, 2003-NMSC-033, ¶ 8, 134 N.M. 602, 81 P.3d 545 (citing Rule 12-502(C)(2) NMRA). Moreover, Defendant does not appear to have preserved his due process argument. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). We conclude that Defendant's due process argument is not properly before the Court, and we decline to address it.

**{27}**     Finding none of Defendant's arguments persuasive, we hold that the State may retry Defendant for misdemeanor cruelty to animals without violating the double jeopardy clause of the Fifth Amendment to the United States Constitution.

**The State indicted Defendant within the statute of limitations period for misdemeanor cruelty to animals**

**{28}**     The district court dismissed Defendant's case because the State did not charge Defendant with misdemeanor cruelty to animals within the statute of limitations period for that offense. In his cross-petition for writ of certiorari, Defendant asks this Court to uphold the district court's ruling.

**{29}**     The parties do not dispute the facts relevant to the statute of limitations in this case.

8

"When facts relevant to a statute of limitations issue are not in dispute," the Court reviews de novo "whether the district court correctly applied the law to the undisputed facts." *State v. Kerby*, 2007-NMSC-014, ¶ 11, 141 N.M. 413, 156 P.3d 704 (internal quotation marks and citation omitted).

**{30}**   The parties agree that the Legislature established the relevant statute of limitations in NMSA 1978, Section 30-1-8 (2005) (amended 2009).  Under Section 30-1-8(C), the State cannot prosecute a person for a misdemeanor offense, such as misdemeanor cruelty to animals, "unless the indictment is found or information or complaint is filed . . . within two years from the time the crime was committed."  For a fourth degree felony, such as extreme cruelty to animals, the State cannot prosecute a person "unless the indictment is found or information or complaint is filed . . . within five years from the time the crime was committed."  Section 30-1-8(B).

**{31}**   The State argues that it filed the indictment within the limitations period for both felony extreme cruelty to animals and misdemeanor cruelty to animals, satisfying the requirements of Section 30-1-8 for both offenses.  We agree.  Section 30-1-8 specifies the time period within which the State must commence a prosecution by filing the initial charging document in a case, either a complaint, an information, or an indictment.  *See id.*; *see also* Rule 5-201(A) NMRA.  In this case, the State alleges that Defendant's conduct caused the horse's death on or about February 13, 2006.  A grand jury returned the indictment on August 31, 2006, charging Defendant with extreme cruelty to animals in violation of Section 30-18-1(E).  We conclude that the State commenced the prosecution within seven months of the alleged crime, well before the statute of limitations period ran for either felony extreme cruelty to animals or misdemeanor cruelty to animals.

**{32}**   Despite this straightforward application of Section 30-1-8 to the undisputed facts, Defendant asks us to affirm the district court's dismissal of his case because  the State did not request a lesser included offense instruction until his second trial in January 2009, well after the two-year statute of limitations periods had run for the misdemeanor offense.  In Defendant's view, if an indictment includes an uncharged lesser included offense, a conviction for that lesser included offense is time barred unless the trial court *instructs the jury* on that lesser included offense within the limitations period for that offense.

**{33}**   Adopting Defendant's approach would ignore the purpose of a criminal statute of limitations, which is to ensure the timely *initiation of a prosecution*.  *See* § 30-1-8; *cf. Kerby*, 2007-NMSC-014, ¶ 13 (explaining that the purpose of a criminal statute of limitations "is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions" (internal quotation marks and citations omitted)).  In addressing Defendant's statute of limitations argument, our inquiry is limited to the timeliness of the charging document itself, not the timeliness of trial.

**{34}**   Defendant's argument conflates the statute of limitations issue with the separate issue

of whether the district court erred by instructing the jury on misdemeanor cruelty to animals as a lesser included offense. *See Meadors*, 121 N.M. at 41-44, 908 P.2d at 734-37 (explaining the "cognate approach" that a district court should use in determining whether to grant the State's request for a lesser included offense instruction). Defendant did not object at trial to the district court's jury instruction on misdemeanor cruelty to animals, and Defendant does not challenge the jury instructions on appeal. *Cf. State v. Boeglin*, 105 N.M. 247, 250, 731 P.2d 943, 946 (1987) (explaining that where a defendant fails to preserve an objection to jury instructions at trial, the Court may still grant relief in cases of fundamental error). Because Defendant does not challenge the jury instructions that the district court gave the jury, we assume without deciding that the district court did not err by instructing the jury on misdemeanor cruelty to animals as a lesser included offense of felony extreme cruelty to animals. *See* Rule 5-611(D).

**{35}** Defendant also contends he lacked notice that he would be required to mount a defense to misdemeanor cruelty to animals because he was not originally charged with the lesser included offense. We agree that "[p]rocedural due process under the Fourteenth Amendment to the United States Constitution requires the State to provide reasonable notice of charges against a person and a fair opportunity to defend." *State v. Dominguez*, 2008-NMCA-029, ¶ 5, 143 N.M. 549, 178 P.3d 834 (internal quotation marks and citation omitted). But we disagree that Defendant was entitled to any additional notice. This Court has long recognized that notice of a criminal charge necessarily includes notice of any lesser included offenses. *See Meadors*, 121 N.M. at 44-45, 908 P.2d at 737-38 (explaining that the "instrument" charging a defendant with a greater offense gives the defendant adequate notice of potential lesser included offenses even though lesser included offense instructions are not given until the district court has seen the "the evidence adduced at trial"); Rule 5-611(D) (providing that a defendant may be convicted of a lesser included offense and differentiating between "the offense charged" and "an offense necessarily included"); *see also Gooday*, 714 F.2d at 82 (explaining that an indictment gives the defendant notice of the charges against which the defendant may have to defend, including the explicit charges and any offenses necessarily included in those charges).

**{36}** Finally, in support of his statute of limitations argument Defendant cites a law review article and several cases from other jurisdictions addressing how a court should handle lesser included offenses when the government has filed the initial charging document within the limitations period for the explicitly charged offense but after the period has run on lesser included offenses. *See Spaziano v. Florida*, 468 U.S. 447, 450 (1984); *Cowan v. Superior Court*, 926 P.2d 438, 439 (Cal. 1996); *Tucker v. State*, 417 So. 2d 1006, 1009 (Fla. Dist. Ct. App. 1982); *State v. Delisle*, 648 A.2d 632, 634 (Vt. 1994); *State v. Muentner*, 406 N.W.2d 415, 417 (Wis. 1987); Alan L. Adlestein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199, 200-03 (1995). We conclude that such authorities are not relevant here because in this case the State filed an indictment on the felony, which necessarily included the lesser included misdemeanor offense, within the limitations period for both the charged felony offense and the lesser included misdemeanor offense.

10

**{37}** A timely filed charging document stops the statute of limitations clock from running on any explicitly charged offenses and any lesser included offenses upon which the district court properly instructs the jury at trial. We hold that the statute of limitations does not bar a third trial on misdemeanor cruelty to animals because the State commenced the prosecution by timely filing the indictment within the two-year statute of limitations period for that offense.

**The Court will not consider Defendant's speedy trial claim because the district court has not ruled on that claim**

**{38}** Defendant argues that, even if we reject his double jeopardy and statute of limitations claims, we should affirm the district court's dismissal of his case because the State violated his constitutional right to speedy trial. *See* U.S. Const. amend. VI (guaranteeing criminal defendants "the right to a speedy and public trial, by an impartial jury"); N.M. Const. art. II, § 14 ("In all criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury.").

**{39}** New Mexico courts evaluate speedy trial claims using the framework of *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), to balance "the following four factors: (1) the length of the delay, (2) the reasons given for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant." *State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061. In order to rule on a speedy trial motion the district court must first "make certain factual determinations and legal conclusions." *State v. Spearman*, 2012-NMSC-023, ¶ 19, 283 P.3d 272 (internal quotation marks and citation omitted). On appeal, "we give deference to the [district] court's factual findings, but we review the weighing and the balancing [of] the *Barker* factors de novo." *Id.* (alterations in original) (internal quotation marks and citations omitted).

**{40}** The State contends that it would be inappropriate for this Court to consider the merits of Defendant's speedy trial claim in the absence of any factual findings from the district court. Defendant filed two speedy trial motions in the district court, one on January 15, 2009, and one on July 15, 2009. But the parties do not cite, and this Court has not found, any portion of the record demonstrating that the district court ever held an evidentiary hearing or ruled on the motions. Instead, the parties agree on appeal that the district court never issued a ruling on either of Defendant's speedy trial motions. Nonetheless, Defendant asserts that this Court is in as good a position as the district court to analyze whether a third trial would violate Defendant's right to a speedy trial because this Court reviews speedy trial issues de novo.

**{41}** We disagree with Defendant and decline to consider his speedy trial claim absent a ruling by the district court. Ruling on a speedy trial motion requires a court to weigh factually based factors, and "[f]act-finding is a function of the district court." *State v. Rojo*, 1999-NMSC-001, ¶ 52, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). If a defendant does not raise a constitutional speedy trial issue before the district

court, there is nothing for an appellate court to review. *Id.* ¶ 51 (citing *State v. Valdez*, 109 N.M. 759, 763, 790 P.2d 1040, 1044 (Ct. App. 1990)); *see also State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942 ("It is well-settled law that in order to preserve a speedy trial argument, Defendant must properly raise it in the lower court and invoke a ruling."). If Defendant reasserts his speedy trial claim on remand, the district court should evaluate that claim under the four *Barker* factors. *See Barker*, 407 U.S. at 530-32.

**CONCLUSION**

**{42}** We conclude that the district court erred by dismissing Defendant's case and hold that retrial on misdemeanor cruelty to animals is not barred by the two-year period set by the statute of limitations for that offense. We reverse the Court of Appeals and hold that the State can retry Defendant for misdemeanor cruelty to animals without violating the double jeopardy clause of the Fifth Amendment to the United States Constitution. We remand to the district court for further proceedings consistent with this Opinion.

**{43}** **IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Chief Justice**

**WE CONCUR:**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for *State v. Collier*, No. 32,915**

**CRIMINAL LAW**
Cruelty to Animals
Misdemeanor

**CONSTITUTIONAL LAW**
Double Jeopardy
Speedy Trial

**CRIMINAL PROCEDURE**
Double Jeopardy
Indictment
Lesser Included Offense
Mistrial
Speedy Trial
Statute of Limitations