This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36447**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v.

**TONY LEE HEDGES,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** The State appeals the district court's order granting Defendant Tony Lee Hedges' motion to dismiss his kidnapping charge based on double jeopardy, prior to the retrial of that charge. We reverse and remand.

### BACKGROUND

**{2}**     Following an incident in 2014, Defendant was charged with first-degree kidnapping (NMSA 1978, § 30-4-1 (2003)), first-degree criminal sexual penetration (CSP) (NMSA 1978, § 30-9-11(D)(2) (2009)), and aggravated battery against a household member with great bodily harm (NMSA 1978, § 30-3-16(C) (2008)). After a three-day trial in 2016, the jury acquitted Defendant of CSP and convicted him of the lesser charge of aggravated battery against a household member without great bodily harm. The jury could not, however, come to an agreement on the kidnapping count. The district court declared a mistrial finding manifest necessity based on jury disagreement and subsequently issued a written order memorializing this ruling and reserving the power to retry the kidnapping charge.

**{3}**     Nearly a year after Defendant's trial, Defendant filed a motion to dismiss the kidnapping charge. In his motion, Defendant argued two bases for dismissal: (1) that the evidence presented at the first trial did not support a kidnapping charge under *State v. Trujillo*, 2012-NMCA-112, 289 P.3d 238, because the kidnapping restraint or movement was merely incidental to the battery; and (2) without citing authority, that the kidnapping charge should be dismissed on double jeopardy grounds. Although defense counsel briefly mentioned "double jeopardy" at the hearing on the motion, his argument concentrated on *Trujillo*. In its oral ruling, the district court analyzed the evidence from the first trial under *Trujillo* and then dismissed the kidnapping charge. In contrast, the written order dismissing the kidnapping count concluded "that the prohibition against double jeopardy bars . . . the State from prosecuting [D]efendant as to . . . [k]idnapping[,]" but provided no further explanation or citation to authority in support of this conclusion. The State now appeals.

## DISCUSSION

**{4}**     We examine the district court's dismissal of the kidnapping charge for the reasons stated in the written order—that reprosecution of that count is barred by double jeopardy. *See, e.g.*, *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 25, 126 N.M. 196, 967 P.2d 1136 ("Formal written orders filed of record normally supersede oral rulings, and oral rulings cannot normally be used to contradict written orders."). Our review is thus de novo. *See State v. Collier*, 2013-NMSC-015, ¶ 10, 301 P.3d 370 ("[D]ouble jeopardy claims present questions of constitutional law that we review de novo."). The State argues that double jeopardy principles do not prohibit a second prosecution of Defendant's kidnapping charge because jeopardy did not terminate upon a mistrial for jury disagreement. For the reasons that follow, we agree.

**{5}**     Both the federal and state double jeopardy clauses provide that a person may not be "twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. The prohibition against double jeopardy affords a defendant multiple protections—"protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense." *State v. O'Kelley*, 1991-NMCA-049, ¶ 6, 113 N.M. 25, 822 P.2d 122. Although the district court's order

lacks specificity and explication, this case implicates the prohibition against successive prosecutions, because Defendant has not been subjected to multiple punishments.

**{6}** In this context, the law has long been clear that "[a] criminal defendant's double jeopardy right to be free from a second prosecution for an offense does not arise until jeopardy has attached and *then terminates for that offense.*" *Collier*, 2013-NMSC-015, ¶ 13 (emphasis added) (citing *Richardson v. United States*, 468 U.S. 317, 325 (1984)); *see also Richardson*, 468 U.S. at 318 (concluding that the defendant's double jeopardy claim was "unavailing, since it lacks its necessary predicate, there having been no termination of original jeopardy"). "In other words, two prerequisites for a meritorious successive-prosecution double jeopardy claim are (1) the attachment of jeopardy and (2) the termination of jeopardy." *Collier*, 2013-NMSC-015, ¶ 13.

> In a jury trial, jeopardy attaches when the jury is sworn to try the case. Jeopardy is terminated by the entry of a final judgment, usually a conviction or an acquittal. Unlike a conviction or an acquittal, a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which the defendant was subjected. Rather, retrial following a hung jury is considered a continuation of the first trial, and the defendant is thus placed in jeopardy only once.

*Id.* ¶¶ 13-14 (alterations, internal quotation marks, and citations omitted). The United States Supreme Court and New Mexico courts have long adhered to these principles, holding "that a retrial following a mistrial declared for manifest necessity does not implicate the double jeopardy clause." *Id.* ¶ 14. "This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *O'Kelley*, 1991-NMCA-049, ¶ 12 (internal quotation marks and citation omitted).

**{7}** Turning to the case at hand, jeopardy plainly attached when the jury was empaneled during the first trial. Defendant's acquittal for CSP terminated jeopardy as to that count. Defendant's conviction for the lesser aggravated battery charge terminated jeopardy as to that count. Defendant's kidnapping count, however, was not resolved by the jury when it was discharged for disagreement and Defendant remains in continuing jeopardy for that count. *See id.* ¶ 10 ("The jury having failed to either acquit or convict, the prosecution has not ended."). Thus, there being no termination of jeopardy—a necessary prerequisite to a successful double jeopardy claim—the State may retry Defendant for kidnapping without offending his double jeopardy rights. *See Collier*, 2013-NMSC-015, ¶ 15. Because double jeopardy is not implicated here, the district court's dismissal on this basis was error. *See O'Kelley*, 1991-NMCA-049, ¶¶ 11, 17 (holding "that a retrial after a mistrial caused by a hung jury does not violate the constitutional prohibition on double jeopardy" and reversing the district court's dismissal of the count on which a mistrial was declared).

**{8}** Although Defendant acknowledges the foregoing legal principles, he seeks to avoid their application, arguing that "this case is different" because the evidence

presented at his first trial showed that the kidnapping was merely incidental to the battery. In support, Defendant cites only *Trujillo*. *Trujillo*'s holding as it relates to kidnapping, however, is not based on double jeopardy. Instead, it is based on statutory construction—determining as a matter of law that "the Legislature did not intend to punish as kidnapping restraints that are merely incidental to another crime." 2012-NMCA-112, ¶ 39. Defendant does not explain how *Trujillo*, which could be used to argue sufficiency of the evidence at the appropriate time, can be used to bar reprosecution on double jeopardy grounds after a mistrial for manifest necessity. Nor is the district court's decision any more illuminating on this matter. To the contrary, evaluation of the evidence at the first trial under *Trujillo* or otherwise is simply not warranted at this point. Where, as here, there has been no termination of jeopardy, double jeopardy simply is not implicated and does not bar retrial—this is true even if legally insufficient evidence was presented at the first trial. *See Richardson*, 468 U.S. at 326 (declining to review sufficiency of the evidence on hung jury count and concluding that "[r]egardless of the sufficiency of the evidence at [a defendant's] first trial, he has no valid double jeopardy claim to prevent his retrial"); *cf. State v. Martinez*, 1995-NMSC-064, ¶¶ 11-12, 120 N.M. 677, 905 P.2d 715 (declining to decide whether the count on which the defendant was convicted was subsumed within the count on which the jury hung and concluding that the state was not barred on double jeopardy grounds from reprosecuting the hung count because jeopardy had not terminated). We accordingly do not find Defendant's reliance on *Trujillo* persuasive and we decline to evaluate the evidence from the first trial.[1]

## CONCLUSION

**{9}** There being no basis under the double jeopardy clause to dismiss Defendant's kidnapping charge at this juncture, we reverse the district court's dismissal order and remand to the district court for reinstatement of the kidnapping charge and for further proceedings consistent with this opinion.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

---

1Because the district court's order was founded on a violation of double jeopardy and there being no such violation, our review is at an end. Nonetheless, given the district court's extensive analysis of the evidence from the first trial, we pause to express concern regarding the district court's authority to undertake such a review, coming as it did nearly one year after the completion of the first trial. In fact, such a review is not provided for in the Rules of Criminal Procedure, and we previously have explained that the district court's opportunity to review the evidence "arise[s] before the case is submitted to the jury[.]" *State v. Willyard*, 2019-NMCA-058, ¶ 17, 450 P.3d 445, *cert. denied*, 2019-NMCERT-___ (S-1-SC-37818, Sept. 10, 2019); *State v. Davis*, 1982-NMCA-057, ¶¶ 5-15, 97 N.M. 745, 643 P.2d 614 (same); *see also* Rule 5-607(E), (K) NMRA (requiring the district court to "determine the sufficiency of the evidence" twice before the case is submitted to the jury, but providing no opportunity for the court to do so after submission); NMSA 1978, § 31-1-3 (1972) ("A criminal prosecution shall be commenced, conducted and terminated in accordance with Rules of Criminal Procedure.").

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**