This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39043**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LEROY MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions, by a jury, for possession of drug paraphernalia and trafficking by possession with intent to distribute. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm Defendant's convictions.

**{2}** In his memorandum in opposition, Defendant continues to assert the evidence was insufficient to prove he intended to transfer methamphetamine to anyone. [MIO 7-8] In our calendar notice, we suggested that the evidence presented, including that

Defendant had methamphetamine on his person and a backpack containing baggies, cash, and a scale, was sufficient for a jury to conclude that all essential elements of trafficking controlled substances were proven beyond a reasonable doubt. [CN 3] Defendant refers us to his testimony that he withdrew the cash from the bank and that the methamphetamine was for personal use. [MIO 5-7] However, "the jury [was] free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{3}    Defendant also continues to assert that retrial for trafficking was barred by double jeopardy. [MIO 8-11] In our calendar notice, we noted that there did not appear to be any double jeopardy violation, but rather that the district court's inquiry as to the lesser charge was to ensure the jury did not intend to acquit Defendant of the possession charge. [CN 5-6] Defendant has not asserted any facts, law, or argument that persuades this Court that our notice of proposed disposition was erroneous concerning this issue. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}    Lastly, we address Defendant's assertion that his right to a speedy trial was violated. In our calendar notice, we explained that the docketing statement did not contain the necessary facts to evaluate the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), and likewise did not provide any details concerning the district court's ruling on this issue. [CN 7-8] We also suggested that much of the delay appeared to be the result of a pending competency determination and cited to *State v. Rotherham*, 1996-NMSC-048, ¶ 60, 122 N.M. 246, 923 P.2d 1131, wherein our Supreme Court stated that "the delay to determine trial competency . . . must be excluded from any speedy trial analysis." (Internal quotation marks and citation omitted.) [CN 8]

{5}    Neither Defendant's docketing statement nor the memorandum in opposition have explained the basis for the district court's decision to deny Defendant's motion to dismiss for violation of speedy trial rights. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (explaining that an appellant must provide all the facts that support affirmance, including the basis for the trial court's ruling); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [An a]ppellant must affirmatively demonstrate its assertion of error."). Based on the representations in Defendant's memorandum in opposition, as well as our own review of the record, we understand that the district court did not engage in an analysis of the *Barker* factors. [MIO 13; 2 RP 344] Given the

absence of findings by the district court, we will not resolve this factual matter for the first time on appeal. *See State v. Collier*, 2013-NMSC-015, ¶ 41, 301 P.3d 370 ("Ruling on a speedy trial motion requires a court to weigh factually based factors, and fact-finding is a function of the district court. If a defendant does not raise a constitutional speedy trial issue before the district court, there is nothing for an appellate court to review." (alteration, internal quotation marks, and citation omitted)).

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**