This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41165**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JARRICK DENEWILER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe. NM

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** Defendant appeals his convictions of multiple offenses, raising as his first issue a challenge to the sufficiency of the evidence to support a conviction for aggravated assault upon a peace office by asserting that the State failed to establish his intent to commit an assault. [BIC 12-16] The State's burden, however, was merely to establish

that Defendant "'did an unlawful act which caused [the victim] to reasonably believe that [he] was in danger of receiving an immediate battery, that the act was done with a deadly weapon, and that it was done with a general criminal intent.'" *See State v. Branch*, 2018-NMCA-031, ¶ 18, 417 P.3d 1141 (quoting *State v. Manus*, 1979-NMSC-035, ¶ 14, 93 N.M. 95, 597 P.2d 280, *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶ 9, 98 N.M. 786, 653 P.2d 162); *see* UJI 14-2202 NMRA. Here, Defendant acknowledges he was driving erratically at a rate of between 80 and 108 miles per hour while attempting to avoid the police. [BIC 15-16] This evidence was sufficient for the fact-finder to conclude that Defendant committed an unlawful act with general criminal intent.

**{3}** Defendant also asserts that a sheriff's deputy's fear of an imminent battery was unreasonable, relying upon evidence that the deputy "had time to pull off the road carefully, allowing [Defendant] to drive by," asserting that "[a] reasonable person in similar circumstances would not have believed that [Defendant] was about to hit them." [BIC 16] However, the question on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Defendant acknowledges the deputy's testimony "that he was in fear when [Defendant] drove past," and that he was influenced by "reports from dispatch and [another deputy] that [Defendant] was driving fast and had hit others." [BIC 16] This evidence was sufficient to support a finding that the deputy's fear was reasonable.

**{4}** Defendant similarly asserts there was insufficient evidence that three other victims were placed in fear by his actions. [BIC 17-19] Defendant asserts that a police lieutenant "stood on the roadway and put himself in danger" [BIC 17], that a motorist "was not in sufficient fear of an imminent battery because she continued to follow [Defendant] to get his license plate" after he repeatedly collided with her rear bumper [BIC 18], and that another motorist's fear was not established "because there was no documentary evidence, video or photo, showing damage to her car or showing the assault" [Id.]. Each of these victims, however, testified regarding both Defendant's conduct and the imminent fear of harm that resulted from that conduct. [BIC 17-19] As Defendant concedes, the testimony of a single witness is sufficient to establish a fact. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("As a general rule, the testimony of a single witness is sufficient evidence for a conviction."). Further, it is not the proper role of this Court to second-guess credibility determinations, to reweigh the evidence, or to substitute our judgment for that of the fact-finder. *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. Instead, the sole question before this Court is whether the trial court's "decision is supported by substantial evidence." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15. The victims' testimony received at trial was sufficient to support the verdicts reached below.

**{5}** Defendant next asserts that his right to a speedy trial was violated and proceeds to argue the four-factor test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). [BIC 19-25] Defendant did file a motion to dismiss below, relying on the six-month rule from Rule 6-506 NMRA, Rule 7-506 NMRA, and Rule 8-506 NMRA. [1 RP 180] Defendant did not,

however, proffer any argument regarding the *Barker* factors and, instead, his motion to dismiss "was couched in a belief that the six-month rule . . . applied to his case." [BIC 20]

**{6}** In *State v. Collier*, our Supreme Court declined to consider a defendant's speedy trial claim absent a ruling by the district court, noting that "[r]uling on a speedy trial motion requires a court to weigh factually based factors, and fact-finding is a function of the district court." 2013-NMSC-015, ¶ 41, 301 P.3d 370 (alterations, internal quotation marks, and citation omitted). Because Defendant did not invoke any such ruling or findings from the district court, we conclude that Defendant did not preserve his argument that his right to a speedy trial was violated. *See State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942 ("It is well-settled law that in order to preserve a speedy trial argument, [the d]efendant must properly raise it in the lower court and invoke a ruling.").

**{7}** Defendant next argues that his aggravated fleeing conviction cannot stand because the pursuit should have been terminated pursuant to the Law Enforcement Safe Pursuit Act (LESPA) and thus "the State could not establish aggravated fleeing." [BIC 26] Law enforcement's compliance with that statute, however, is not "an essential element of the crime of aggravated fleeing." *State v. Padilla*, 2008-NMSC-006, ¶ 33, 143 N.M. 310, 176 P.3d 299. Consequently, the State was not required to prove compliance with LESPA and we conclude there was sufficient evidence to support Defendant's conviction for aggravated fleeing of a law enforcement officer.

**{8}** Lastly, Defendant argues that the district court abused its discretion by not providing Defendant, who represented himself at trial, $400 of financial assistance or an expert witness to investigate his vehicle's brakes. [BIC 26-27] As to the former request, Defendant points to NMSA 1978, Section 31-16-8(B)(2) (1968), but nothing in that statute requires a district court to reimburse a self-represented party. Further, Defendant relies on no authority indicating that the district court was required to provide him with an expert witness or that either of these issues would constitute reversible error. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists."). Accordingly, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**